## FLEMING v. REED, ADMINISTRATOR.

[No. 2,196. Filed April 7, 1898. Rehearing denied June 17, 1898.]

MORTGAGES.—*Conveyance of Mortgaged Real Estate.—Assumption of Mortgage.*—Where a grantee of real estate by the terms of the deed assumed and agreed to pay, as a part of the purchase-money, a mortgage thereon, he thereby became the principal debtor for the debt so assumed, and the mortgagor, who was the grantor, became surety. *p. 467.*

SAME.—*Conveyance of Mortgaged Real Estate.—Assumption of Mortgage.—Liability.*—Where a purchaser of a part of a tract of real estate assumed and agreed to pay a certain mortgage on the entire tract, the part conveyed became the primary security, and the

grantee was thereby bound to protect the owner of the remaining portion thereof from loss by reason of the mortgage. *p. 467.*

MORTGAGES.—*Conveyance of Mortgaged Real Estate.—Assumption of Mortgage.—Liability.*—The fact that the owner of a portion of a tract of real estate did not appear and seek affirmative relief in a suit to foreclose a mortgage existing on the entire tract would not release the owner of the remaining portion thereof, who had assumed the payment of the mortgage, from liability to such owner for the violation of such agreement. *pp. 469, 470.*

SAME. — *Deeds. — Assumption of Mortgage. — Estoppel.*— Where a grantee of real estate went into possession of the real estate under a deed of conveyance containing a stipulation that the grantee assumed, as part of the purchase-money, the payment of a mortgage existing thereon, and received the rents and profits thereof until the foreclosure of the mortgage, and until the year of redemption had expired, he will be estopped from disclaiming his acceptance of the deed. *pp. 470, 471.*

From the Randolph Circuit Court. *Affirmed.*

*F. H. Snyder, John M. Smith* and *David T. Taylor,* for appellant.

*R. H. Hartford, W. H. Williamson* and *John J. Cheney,* for appellee.

BLACK, J.—The complaint of the appellee as administrator of the estate of Jennie B. Hagins, deceased, against the appellant, contained two paragraphs, and a demurrer to each of them for want of sufficient facts was overruled.

In the first paragraph it was shown that on the 26th day of September, 1887, one Charles Smith sold, and by deed of general warranty conveyed, to Samuel K. Hagins, husband of the intestate, lot four in Votaw's addition to the city of Portland, Jay county, Indiana; that on November 28, 1887, said grantee executed to said grantor a promissory note for $2,000 for the balance of the purchase-money for said real estate, and on the same day, to secure the payment of the note, the grantee executed to the grantor a mortgage on said real estate, and the intestate joined with her hus-

band in the execution of the mortgage. On the same day, said Samuel K. Hagins, by warranty deed, in which the intestate joined, conveyed, for a valuable consideration, to one William B. Hagins the north one-third part of said lot; and on the 5th of March, 1888, said William B. Hagins, being an unmarried man, conveyed by warranty deed, for a valuable consideration, said north one-third part of said lot to the intestate. Afterward, said Samuel K. Hagins and the intestate and Charles Smith having discovered a mistake in the description of the real estate in said mortgage, in order to correct said description, said mortgagors, on the 28th of November, 1888, executed to the mortgagee a new mortgage, correcting the description in the first mortgage by adding the words "in Votaw's addition." At the same time a new note was given by Samuel K. Hagins to Smith for $2,186.66, being the same $2,000 of purchase-money and its interest, secured by the first mortgage; and this new note, due in two years, was secured by the new mortgage, which covered all of said lot four. A copy of this new mortgage was filed with the complaint, and was referred to in the first paragraph as part thereof. It purported on its face to be made for the correction of the specified mistake in the description in the former mortgage, and referred to the note secured as being given for a part of the purchase-money of the mortgaged real estate. On the 20th of August, 1889, said Samuel K. Hagins, being unable to pay off the whole of said mortgage on said lot four, "for the purpose of protecting and saving his said grantee and this plaintiff's said decedent the north one-third of said lot," sold, and by deed in which the intestate joined conveyed to the appellant the south two-thirds of said lot four, being forty-four feet off of the south side thereof, and, as a part of the purchase price thereof, the appel-

lant assumed and agreed to pay the sum of $2,000 of said note and mortgage which said Smith then held against the whole of said lot; and the appellant also assumed and agreed to pay the interest on said note for the years ending November 28, 1889 and 1890. It was alleged that said agreement was in writing, and was incorporated in and made a part of said deed of conveyance, a copy of which was filed with the complaint as an exhibit. The deed exhibited contained the assumption and agreement to pay as so alleged. It was also alleged that the debt and note which the appellant so assumed and agreed to pay was the same debt and note secured by said mortgage; that the appellant thereupon took possession of said south two-thirds of said lot, and collected the rents and profits thereof, until the 20th day of August, 1892; that he failed and neglected to pay said sum of $2,000 with the interest thereon for the years ending November 28, 1889 and 1890, when the same became due, or at any time, and failed and refused to pay any part thereof as he had so contracted and agreed to do; but he allowed said note to be sued on, and said mortgage to be foreclosed on the whole of said lot, and allowed, permitted and suffered the whole of said lot to be sold by the sheriff of said county in 1890, to pay and satisfy said note and mortgage, and to pay and satisfy the judgment and decree of the court in said suit on said note and mortgage; that on the 20th of August, 1892, and after the year for the redemption of the real estate from the sheriff's sale, the title in and to all of said lot was by the sheriff conveyed to said Smith, to pay and satisfy that part of said note and mortgage which the appellant had assumed and agreed to pay; that the balance of said note and mortgage which was over and in excess of the $2,000 which appellant agreed to

pay was fully paid and discharged by said Samuel K. Hagins before the title to said lot was so conveyed by the sheriff to said Smith; that thereby, and on account of the neglect and default of the appellant to pay said sum of $2,000 with the interest thereon for the years ending November 28, 1889 and 1890, on said note and mortgage debt, and on account of his failure to comply with his said agreement, the intestate lost and was deprived of the title to said north one-third of said lot; that by reason of said sale of the north one-third of said lot, the intestate was compelled to and did, by virtue of said sale and conveyance of the sheriff, pay upon said note and mortgage and upon the debt so assumed by the appellant and which he so assummed and agreed to pay, the sum of $1,000; that said south two-thirds part, when so conveyed to the appellant, was of the value of $1,500; that at the same time, and at the time the intestate's one-third part was sold, it was of the value of $1,000. Counsel for both parties in their briefs say that the second paragraph of complaint was substantially the same as the first. We therefore have no occasion for setting forth the allegations of the second paragraph.

When the intestate joined her husband in the first mortgage to Smith, the entire lot mortgaged was owned by the husband, and he was indebted to the mortgagee for the purchase-money, to secure which the mortgage was given. The second mortgage, executed by the same mortgagors to the same mortgagee, to secure the same purchase-money, was executed after the intestate had become the owner of the north one-third of said lot; but it was executed to correct a mistake in the description of the mortgaged premises in the first mortgage, and therefore, though the intestate was a married woman, and the debt so secured in part by mortgage upon her separate property was

her husband's debt, the entire lot, including her por·
tion of it, was effectually bound by the second mort-
gage to Smith, to secure the purchase-money still
owed to him. The second mortgage took the place
of the first. Thereafter the husband of the intestate
sold and conveyed his remaining portion of the lot (the
intestate, as his wife, joining in the conveyance) to
the appellant, who accepted the conveyance and en-
tered into possession thereunder. He thereby, as the
terms of the deed of conveyance provided, assumed
and agreed to pay, as part of the purchase price, the
already existing encumbrance upon the entire lot. The
appellant thus became bound as the principal debtor
for the debt so assumed, and the intestate's husband
became surety for this indebtedness. *Ellis* v. *Johnson*,
96 Ind. 377, and cases cited; *Stanton* v. *Kenrick*, 135
Ind. 382.

The whole lot remained bound to the mortgagee.
The portion conveyed to the appellant became a pri-
mary security, while the portion owned by the intes-
tate was a secondary security. It was the duty of appel-
lant to protect from loss through the mortgage the
intestate, whose real estate, thus standing as surety
for him, he had so contracted to protect. For the vio-
lation of this duty she was entitled to recover to the
extent of the damage suffered by her through loss of
her said real estate. The mortgagee was entitled to
avail himself of the agreement of assumption made
by the appellant with the mortgagor, and one occupy-
ing the relation of surety by reason of ownership of a
part of the mortgaged real estate would have the right
of subrogation to all rights and securities held by the
creditor, including such an agreement of assumption,
of which, in the case before us, the mortgagee does
not appear to have availed himself. *Wright* v. *Briggs*,
99 Ind. 563. In the case at bar the appellant appears

also to have been bound by contract between him and the intestate to save her harmless. In this State, a wife's interest in the real estate of her husband is not an encumbrance, but is an estate in the land. *Bever* v. *North*, 107 Ind. 544. The release by a wife of her inchoate interest may be a valuable consideration for a promise to her. *Jarboe* v. *Severin*, 85 Ind. 496; *Worley* v. *Sipe*, 111 Ind. 238; *Sedgwick* v. *Tucker*, 90 Ind. 271. When a wife joins with her husband in the conveyance of his land, it will be presumed, in the absence of any special agreement to the contrary, that the inducement for the release of her inchoate right as to the grantee was the consideration paid by him for the land. *Jarboe* v. *Severin, supra.*

It is alleged in the complaint that this conveyance by husband and wife of the real estate of the former was made for the purpose of protecting and saving to the intestate her part of the lot, and there was in the deed a special agreement, the performance of which by the appellant would have had that effect. The deed contained a stipulation for the benefit of the wife individually. The agreement that the appellant should assume and pay the encumbrance on the entire lot, including the wife's separate part thereof, was made as part of the consideration, in a deed in which she joined for the purpose of releasing her inchoate interest in the land so conveyed. We think that if it were needed to resort to such a reason for permitting her to avail herself of the agreement of assumption to reimburse her for its breach, it might be treated as a contract made with her upon a sufficient consideration. But if the assumption of the mortgage debt and agreement to pay it should be regarded, so far as it was a promise to relieve her portion of the lot, as the promise of one person to another for the benefit of a third, it was founded upon a valuable consideration, which

the appellant received and enjoyed, and the intestate was entitled to recover upon the promise to the extent of her loss through the appellant's failure to perform it. Whatever she might have had the right to do, she was not, as between her and the appellant, bound to pay off the mortgage debt of $2,000 and seek for reimbursement through the mortgage from the appellant's part of the lot worth $1,500, or to seek to procure the exhaustion of his part of the lot before resort by the creditor to her portion of it. See *Wilcox* v. *Campbell*, 106 N. Y. 325, 12 N. E. 823. The paragraph of complaint to which our attention has been thus called was sufficient on demurrer.

The court sustained demurrers to the second, third, fourth and sixth paragraphs of the appellant's answer. These rulings have been very briefly discussed by counsel for the appellant, and their references to the record relating to them are incorrect. These paragraphs relate to the suit to foreclose the mortgage, and to transactions between parties thereto other than the appellant and the intestate, and contain much irrelevant matter. It appears from them that there was no issue between the intestate and the appellant in the foreclosure suit. It does not appear that any personal judgment was rendered, but there was a decree of foreclosure, under which all the mortgaged real estate was sold. The fact that the intestate did not seek any affirmative relief in the foreclosure suit could not release the appellant from his obligation to her. It was his duty, by reason of his contract of assumption, to make it unnecessary for her to take such measures to relieve her portion of the lot from the mortgage. It devolved upon him to make his own defense in the foreclosure suit, to which he was a party, and having failed therein and thereafter to prevent the loss to the intestate from which he had contracted to

save her, he was liable to be required to respond in damages.

In the fifth paragraph of answer, a demurrer to which was overruled, the appellant alleged, that in the negotiations for the purchase by him of the portion of the lot conveyed to him, he did not agree to assume and pay the mortgage debt, and that the intestate and her husband inserted such agreement in the deed without his knowledge or consent, and placed the deed on record, the appellant not having read it, without telling him that they had inserted such provision, and without his knowledge that it did contain such provision.

The appellant's demurrer to the second paragraph of reply to the fifth paragraph of answer was overruled. In this reply it was alleged, that after the execution of the deed of conveyance to the appellant, and after it had been recorded, the appellant went into possession of the real estate and into the buildings thereon situated, as the owner of said real estate; that he continued in such possession and had the use of the property and received the rents and profits thereof until the foreclosure of the mortgage and the sale thereunder, and until the year for redemption had expired; that during all the time he so held the real estate he did so and claimed title to and owned the real estate by virtue of said deed of conveyance, and had no other title thereto; that when he went into possession, and while he so held, he had notice and knowledge of the contents of said deed, and that it was of record in the recorder's office; that the use, rents and profits of the real estate while he so held possession were of the value of one thousand dollars. In argument for appellant it is said that this reply only avers that Fleming went into possession and collected rents with knowledge that the deed had been recorded. The

averments of the reply, which we have in substance set out, are much broader than thus represented, and seem to show sufficiently that the appellant was estopped to disclaim his acceptance of the deed of conveyance.

There is in the transcript a special finding of facts with the court's conclusions of law thereon, and it is assigned that the court erred in its conclusions of law. This assignment, as has been decided often, is unavailing, for the reason that the special finding is not signed by the judge. The judgment is affirmed.