HARLEY J. GILMAN *vs.* ANTONIO FORGIONE.

Cumberland.    Opinion March 3, 1931.

*Gerry L. Brooks,* for plaintiff.
*Bernstein & Bernstein,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

PATTANGALL, C. J.    On report. Action for money had and re-
ceived. The facts are agreed upon.

Defendant was the owner of a tract of land which he divided into
building lots, offering the same for sale. On November 20, 1923, he
mortgaged the entire tract to the Gorham Savings Bank, the mort-
gage containing the following provision:

> "It is hereby made a matter of agreement that the mort-
> gagee, his successors and assigns, will release to the mort-
> gagor, his heirs, executors, administrators or assigns from the
> operation of this mortgage such portions of the above de-
> scribed premises as he or they may request, upon the pay-
> ment by him or them of five cents per square foot of land of
> the premises so released."

On December 15, 1923, he conveyed the land, subject to the above mentioned mortgage, to the Cape Elizabeth Land Company, taking from the grantee a mortgage which contained this provision:

"Provided, also, that it shall be lawful for the grantor herein to sell any part or parts of said premises from time to time and this conveyance is especially made on the condition that as and when any part or parts of said premises herein conveyed as are situated in Oakhurst Park are so sold and a release thereof is given by the first mortgagee under the terms of said first mortgage, the grantee herein will furnish a release of said part or parts from this second mortgage; and when said first mortgage shall have become paid in full, but not before, the grantee herein shall continue to furnish releases from said second mortgage and shall receive therefor the sum of four cents per square foot for the part or parts of said premises so released, until said second mortgage shall have become paid in full."

The Cape Elizabeth Land Company defaulted in payment, foreclosure proceedings were instituted, and on May 11, 1926, previous to the expiration of the time of redemption from said mortgage, foreclosure proceedings and mortgage were cancelled and a new mortgage given by said Cape Elizabeth Land Company to defendant, containing the same release clause.

On November 9, 1927, Cape Elizabeth Land Company sold to one Foster a portion of the land, subject to the mortgages held by defendant and by the Savings Bank, Foster giving back to the company a third mortgage securing the payment of the purchase price of the lot. This latter mortgage was assigned to plaintiff on March 2, 1928.

On March 29, 1928, defendant again began foreclosure proceedings on his mortgage against Cape Elizabeth Land Company. On March 18, 1929, plaintiff paid to Gorham Savings Bank the amount due on the mortgage from Foster to the company and procured a release from the bank of its claim on the land. He then demanded a like release from defendant which was refused. Whereupon he brought a bill in equity to compel such release, which bill

was finally dismissed on the ground that the language in the conveyances, quoted above, must be construed as a personal covenant and did not run with the land. *Gilman* v. *Forgione*, 129 Me., 66.

Foreclosure proceedings on defendant's part having been perfected, the title to the property rested in him, subject only to the claim of the bank. These proceedings are brought to recover back the money paid by plaintiff to the bank, on the theory that the payment inured to the benefit of the defendant and that it was paid under a mistake of fact.

Unfortunately for plaintiff, his mistake was not of fact but of law. He was fully conversant with the facts. He misunderstood the effect of the covenants referred to. Money paid under such circumstances can not be recovered even though defendant is benefited by the payment, provided that no fraud is shown to have been exercised by him and none is claimed. This is true both in law and equity. *Freeman* v. *Curtis*, 51 Me., 140; *Bragdon* v. *Freedom*, 84 Me., 431; *Houlehan* v. *Kennebec County*, 108 Me., 397.

*Judgment for defendant.*