CURLEY LOCKETT, APPELLANT, *v*
EDNA MAE LOCKETT, RESPONDENT.

No. 4140

April 22, 1959                    338 P.2d 77

*George Rudiak* and *Elmer M. Gunderson,* of Las Vegas, for Appellant.

*William G. Ruymann,* of Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

The husband in a divorce action appeals from that portion of the divorce decree which disposes of the community property of the parties. He contends that the decree made a disproportionate award of property to the wife and in this respect amounted to an abuse of discretion.

NRS 125.150 provides in part, "In granting a divorce the court \* \* \* shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children."

The husband contends that the court awarded two-thirds of the community estate to the wife and one-third to the husband; that in so doing the court did

not give due consideration to the factors specified in the quoted section.

Deficiencies in the record defeat this contention. The trial was not reported. The parties stipulated in effect that the record might be supplied by an agreed statement of facts supplemented by district court order settling and establishing such facts as were not agreed to. The trial court refused to settle any facts upon the ground that its recollection was indistinct. From the facts agreed to and minute entries there is nothing to establish that the trial court did not properly consider all pertinent factors in disposing of the community property of the parties. The record, therefore, fails to show any abuse of discretion in this regard.

Appellant further contends that the trial court improperly disregarded Rule II(5) of the district court rules in setting this matter for trial. That rule provides, "Civil cases at issue upon questions of fact may be set for trial on the issues of fact on any law day, five days' previous written notice of such application having been given by the moving party to the opposite party or parties. * * *"

The record in its unsatisfactory state does not disclose that any objection ever was made to the trial setting, or to the hearing of the trial at the time set. Appellant apparently proceeded to trial without protest and any deficiency of notice, accordingly, was waived.

Appellant contends finally that the court neglected to make a complete disposition of the community property of the parties. A Pontiac automobile, alleged in the wife's complaint to be community property (and conceded to be such by the husband) was not disposed of in the written decree. It is clear from the minute order of the court, following trial, however, that the court meant to award this item of property to the appellant husband. The fact that the written decree was silent in this respect would appear to be mere oversight.

Under the circumstances a modification of the decree would seem to be proper, and a remand for action by the trial court would seem to be unnecessary and an undue complication of proceedings.

IT IS ORDERED that the decree in this matter be modified to provide that the 1956 Pontiac automobile alleged in respondent's complaint to be community property of the parties be awarded to appellant husband. As so modified, decree affirmed with costs to respondent.