HARRY COBB AND SONIA LUBIN COBB, APPELLANTS, *v.* VERA OSMAN, RESPONDENT.

No. 5278

November 3, 1967                    433 P.2d 259

[Rehearing denied February 5, 1968; lower court directed to further modify its judgment granting interest to appellants at the rate of 7 percent per annum from the date of the commencement of their action.]

*Lionel and Sawyer,* of Las Vegas, for Appellants.

*Johnson and Steffen,* of Las Vegas, for Respondent.

## OPINION

By the Court, WRIGHT, D. J.:

Cobb brought an action to recover damages from Osman for breach of an agreement to purchase the Esquire Apartment building in Las Vegas. The issue is whether an action for damages is maintainable. The district court ruled that it was not, and entered judgment for Osman. This appeal followed. We reverse with directions.

On June 4, 1956, the date of the sale to Osman, Cobb, the appellants, owned the Esquire Apartments in Las Vegas, Nevada, subject to the following encumbrances:

(1) A first deed of trust, dated December 1, 1955, in favor of Silver State Savings and Loan Association, securing a promissory note for $135,000, and which, at the time of the sale, was reduced to $132,279.69, principal.

(2) A second deed of trust and chattel mortgage dated May 23, 1956 to Phil Shanedling and Philip Dworsky (hereinafter called second mortgagees, S & D) securing a promissory note for $35,000. This deed of trust covered the Esquire Apartments (Parcel 1) and also two other parcels of property owned by Cobb.

The promissory note to S & D provided: "The payee of this note will look only to the security contained in the deed of trust and chattel mortgage for payment thereof and the undersigned payor (Cobb) shall not be personally responsible for the payment of said principal or interest."

On June 4, 1956, Cobb and Osman entered into an escrow agreement wherein Cobb sold to Osman the Esquire Apartments, including the furniture, furnishings and fixtures therein for the sum of $187,538.38. There was no cash down payment, but Osman conveyed the equity in her two houses in

Las Vegas valued at $20,258.69, thus leaving a balance of $167,279.69, the same amount as the unpaid balance on the first and second deeds of trust.

In accordance with the escrow agreement, Cobb executed and delivered a deed and bill of sale to Osman for the Esquire Apartments and personal property and Osman took possession about June 15, 1956.

The deed provided that the property was subject to:

(1) Deed of Trust of record executed by Harry Cobb, given to secure his note in the original sum of $135,000 in favor of Silver State Savings and Loan Association; the unpaid portion of principal and interest of which the Grantee herein *assumes* and *agrees* to pay as part of the purchase price for the above described property.

(2) Deed of Trust of record executed by Grantors herein, given to secure their note in the original sum of $35,000 in favor of Phil Shanedling, as to an undivided sixty percent (60 percent) interest; and Philip Dworsky, as to an undivided forty per cent (40 percent) interest; the unpaid portion of principal and interest of which the Grantee herein *assumes* and *agrees* to pay as part of the purchase price for the above described property.

Before the close of escrow, Osman was furnished with a copy of the amounts due on the first and second deeds of trust and notes secured, list of tenants, and the amount of rent therefrom.

She collected rents but did not make any payments on either of the deeds of trust.

About August 1, 1956, the second mortgagees, S & D, bought the first mortgage and note for $152,139.11, which included the balance owing them on the second mortgage.

On August 31, 1956, the second mortgagees, S & D, recorded with the Clark County Recorder's office a Notice of Default and sent a copy to Cobb, who immediately contacted S & D, and on December 12, 1956, a written agreement was made between them, wherein S & D agreed to convey said parcels 2 and 3 (owned by Cobb but subject to the note and the second deed of trust) to Cobb for $12,500, payable in full on or before January 25, 1959.

Pursuant to the agreement, S & D quitclaimed their interest in said parcels 2 and 3 to Cobb, who in turn executed a promissory note and deed of trust on said parcels to S & D. S & D caused the trustee to reconvey said parcels 2 and 3 to Cobb. S & D became the purchasers of the Esquire Apartments

at the trustee's sale and a deed was executed and delivered by the trustee to S & D for said apartments.

Cobb paid the promissory note in full on January 8, 1959. The total amount paid to S & D was $12,500 principal plus interest in the sum of $1,257.26.

The record shows that Cobb contacted S & D, after receiving the notice of default to save parcels 2 and 3 from the foreclosure.

The issues presented by this appeal are whether Cobb is entitled to judgment for the $12,500, together with interest paid by him to S & D in the sum of $1,257.26, or interest at 7 percent per annum on the principal from December 12, 1956 until paid.

Osman did assume and *agree to pay* the unpaid balance of the notes secured by the first and second deeds of trust. If she had performed, then Cobb would have received parcels 2 and 3 free and clear of the second deed of trust to S & D.

It is true that the promissory note to S & D provided S & D would look only to the security in the deed of trust and chattel mortgage for the payment and that Cobb would not be personally responsible for the payment of the principal and interest. If only the apartments were subject to the first and second deeds of trust, then Osman could only be held to the liability of Cobb. Small v. Rogers Productions, Inc., 53 P.2d 774 (Cal. 1936). Since Cobb was not personally liable, Osman would not be personally liable to Cobb upon default.

But in the case at bar, Cobb owned three parcels, i.e., (1) the Esquire Apartments and furniture, (2) unimproved land in Section 10, Clark County, Nevada, and (3) 16 unimproved lots in Block 11 of Vegas Manor, Las Vegas, Clark County, Nevada.

Parcel 1 was subject to two deeds of trust, one of which was to S & D, which deed of trust also included parcels 2 and 3. Cobb, at the time of making the sale agreement with Osman, owned the parcels and was interested in having the second deed of trust and note paid, so that parcels 2 and 3 would be clear of the lien of the second deed of trust. The agreement with Osman was for the benefit of Cobb, as well as the beneficiaries of the deeds of trust.

The escrow instructions and agreement required that Osman assume and pay, as part of the purchase price for the Esquire Apartments, the unpaid balance of the first deed of trust and the second deed of trust and chattel mortgage.

The deed required Osman to assume and pay, as part of the purchase price, both the first and second deeds of trust.[1] If Osman had performed and paid the second deed of trust and note, parcels 2 and 3 would have been free of the lien of the second deed of trust. Cobb, as the promisee of this promise to pay the second deed of trust, is entitled to enforce that contract. A breach of this promise subjects the promisor to a suit for damages. Wilcox v. Campbell, 12 N.E. 823 (N.Y. 1887); Costa v. Sardinha, 163 N.E. 887 (Mass. 1928); Fleming v. Reed, 49 N.E. 1087 (Ind.App. 1898).

The distinction between selling all the land encumbered by a mortgage and selling only part of the land and the grantee assuming, as a part of the purchase price, the entire mortgage on all the land, is discussed in 59 C.J.S. § 429:

"As between the mortgagor and his grantee, the latter's assumption of the entire mortgage debt creates a liability for the entire debt, even though the consideration therefor is a transfer of only part of the mortgaged premises, and if the grantee fails to pay the entire mortgage as agreed and the land retained by the mortgagor is lost by foreclosure, the mortgagor may recover against such grantee in an action for damages on the assumption agreement, the measure of damages being the value of the land lost. Also, where the mortgagor pays the mortgage debt, which the grantee agreed to pay, in order to prevent foreclosure, he is entitled to recover from the grantee the amount of the mortgage debt that the grantee should have paid."

It is the court's opinion that Cobb had the right to bring this action for damages.

The measure of damages is the amount paid by Cobb but not exceeding the value of parcels 2 and 3. There are sufficient facts in the record to show that the value of the two parcels did exceed $12,500, the amount of the principal paid by Cobb to save the lands from foreclosure. Cobb is entitled to recover this sum.

Cobb also claims that he is entitled to interest, either in the amount of interest actually paid mortgagees, S & D, or interest

---

[1]An assumption and agreement to pay a mortgage or mortgages contained in the deed is binding upon the grantee who accepts the deed. 37 Am.Jur., Mortgages § 994, p. 323, n. 4 and cases; 59 C.J.S. § 407, p. 578–579, n. 2 and cases.

The assumption may be contained in a separate written instrument. 59 C.J.S., p. 574, n. 55.

at the legal rate under the Nevada Statutes, which is 7 percent per annum.

Interest is to be allowed only where the agreement so provides, or where allowed by statute. NRS 99.040. The agreement did not provide for interest in this situation.

Can Cobb recover the legal rate? It is our opinion that he cannot. Interest under the statute is allowed where the claim is a liquidated claim and there is an obligation to pay or the amount due can be ascertained by computation. Dollar Investment v. Modern Market, 77 Nev. 393, 365 P.2d 311 (1961). Interest cannot be allowed where the claim is unliquidated. Agricultural Ins. Co. v. Biltz, 57 Nev. 370, 64 P.2d 1042 (1937); Dudrey v. Milner, 80 Nev. 447, 396 P.2d 30 (1964).

The amount Cobb had to pay to preclude foreclosure could not be known at the time Osman made the assumption agreement and the liability of Osman did not become known until final judgment. Cobb's claim is, therefore, unliquidated. Cobb is entitled to interest at the rate of 7 percent per annum from entry of judgment.

The trial court held that Cobb was a volunteer and could not recover. The trial court took the view that since Cobb was not personally liable to S & D, the negotiated payment to S & D made him a mere volunteer.

In doing so the court overlooked the fact that Osman had assumed and agreed to pay the entire second deed of trust which would relieve Cobb's land, parcels 2 and 3, from that lien. Since Cobb made the agreement to pay S & D $12,500 to preclude foreclosure, he is entitled to collect that amount from Osman on her agreement. McRae v. Pope, 42 N.E.2d 261 (Mass. 1942).

It is well settled that one is not a volunteer or stranger when he pays to save his interest in his property. Katschor v. Ley, 113 P.2d 127 (Kan. 1941); Garland v. Federal Land Bank of Springfield, 140 A.2d 568 (N.H. 1958); Ricketts v. Alliance Life Insurance Company, 135 S.W.2d 725, 734 (Tex.App. 1939); Sever v. Yetter, 16 A.2d 461 (N.J.Chan. 1940).

At the trial, Osman contended that Cobb did not make the best bargain with S & D to save his property. Of course, Cobb

422

could have permitted the foreclosure and then sued Osman for the full value of parcels 2 and 3. Costa v. Sardinha, supra.

Cobb, in order to prevent the loss of his lands through foreclosure, before the completion of the foreclosure, made an agreement with S & D to have the property released from the mortgage upon payment of $12,500 to S & D.

The overwhelming weight of authority is to the effect that in actions for damages arising out of breach of contract or tort, the burden is upon the party whose wrongful act caused the damages complained of to prove anything in diminution of the damages, or in other words, that the damages might have been lessened by reasonable diligence on the part of the aggrieved party. Montgomery Ward & Company v. Stevens, 60 Nev. 358, 365, 109 P.2d 895 (1941).

There is no showing in the record that Cobb acted imprudently or without due care under the circumstances.

This court has the power to modify or reverse the judgment and order judgment to be entered by the trial court. Lockett v. Lockett, 75 Nev. 229, 338 P.2d 77 (1959); Violin v. Fireman's Insurance Co., 81 Nev. 456, 406 P.2d 287 (1965).

The judgment below is reversed, with directions to enter judgment in favor of the plaintiffs, Harry Cobb and Sonia Lubin Cobb, and against the defendant, Vera Osman, for the sum of $12,500, together with interest at the rate of 7 percent per annum from the date of entry of the judgment with their costs of suit and their costs in this court.

THOMPSON, C. J., and COLLINS, J., concur.