ARTHUR CONNER, STANLEY EBNER, AND STANLEY A. MALLIN, INDIVIDUALLY AND D/B/A EBCON CONSTRUCTION CO., APPELLANTS, *v.* SOUTHERN NEVADA PAVING, INC., RESPONDENT.

No. 17030

August 27, 1987                                  741 P.2d 800

---

354

*Rogers, Moore, Mahoney & Cook,* Las Vegas, for Appellants.

*Mills, Gibson & Carter,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On March 31, 1978, Southern Nevada Paving (SNP) entered into a contract with Ebcon Construction (Ebcon) to grade and pave a 340-unit apartment complex being built by Ebcon. The contract provided that SNP was to have enough men working so as not to delay the progress of the job. If SNP failed to employ sufficient help to complete the work in the given time, Ebcon could give 48 hours notice and employ help to complete the work. SNP agreed to reimburse Ebcon for any sum over the contract price. SNP also agreed that if Ebcon was assessed late penalties or liquidated damages, SNP would pay the portion attributable to its failure to complete work on time.

Between March 1978 and June 1979, SNP graded and paved approximately 130,000 sq. ft. Paving was done in sections as certain phases of construction were completed. From June 1979 through November 16, 1979, SNP had some men on the job but no paving was done. Beginning from September 15, 1979 through November 16, 1979, Ebcon made several requests for SNP to finish the job. SNP admitted that there were times when it

said it would have someone on the job but no one showed up. SNP claimed it was waiting so it could pave a large area instead of doing it piecemeal. In mid-October, Ebcon decided to hire somebody else and began calling around. On November 14, Ebcon sent a mailgram to SNP, terminating it for failure to maintain adequate personnel on the job. Two days later, Ebcon signed a contract with Las Vegas Paving which finished paving the remaining 102,000 sq. ft. on December 1, 1979.

In March 1980, SNP filed a complaint contending Ebcon owed $34,428.87 for labor and goods. Ebcon counterclaimed, alleging that as a result of SNP's breach, Ebcon had incurred debts $52,571.00 over the contract price. At trial, however, Ebcon testified that as a result of SNP's two month delay, it had to pay $100,000.00 in late penalties and $134,000.00 in additional interest on the construction loan.

Final judgment was entered on August 28, 1985. The court found that SNP had breached the contract, but that Ebcon owed SNP $31,767.00 for work completed by SNP. The court found that Ebcon was entitled to an offset of $.19 per square foot, or $19,380.00, for the additional cost of the paving done by Las Vegas Paving. SNP was awarded $12,387.00. The court dismissed Ebcon's counterclaim with prejudice, finding that Ebcon had failed to mitigate damages by giving SNP a more timely notice of termination and promptly hiring another contractor, and that the damages sought by Ebcon in its counterclaim were not foreseeable to SNP when it breached the contract. We hold that the district court erroneously dismissed Ebcon's counterclaim and remand for a new trial on the issue of damages.[1]

As a general rule, a party cannot recover damages for loss that he could have avoided by reasonable efforts. *See* First Nat. Bank v. Milford, 718 P.2d 1291, 1297 (Kan. 1986). The rule of mitigation of damages begins when the breach is discovered. *See* Holland v. Green Mountain Swim Club Inc., 470 P.2d 61, 63 (Colo.App. 1970). It is difficult to determine whether Ebcon attempted to mitigate its damages because the district court failed to pinpoint the time of breach. The breach occurred sometime between June and November 14, when the contract was terminated. It is impossible to determine which damages could have been mitigated without knowing when the breach occurred. However, the burden of proving failure to mitigate is on the breaching party. Cobb v. Osman, 83 Nev. 415, 422, 433 P.2d 259, 263

---

[1]Because we remand for a new trial, we do not decide whether the district court correctly provided for judgment interest to run from January 3, 1985, the date of its initial decision, rather than August 29, 1985, the date the Judgment was filed.

(1967). We hold that SNP did not meet its burden of proving that Ebcon failed to take reasonable measures to alleviate its damages.

Ebcon contends that the district court erred in finding that the damages sought in the counterclaim were not foreseeable to SNP when it breached the contract. Damages from a breach of contract should be such as may fairly and reasonably be considered as arising naturally, or were reasonably contemplated by both parties at the time they made the contract. Hadley v. Baxendale, 156 Eng. Rep. 145 (Ex. 1854). Ebcon claims that SNP's breach caused it to pay additional interest on its construction loan, and a $100,000.00 late penalty for failing to complete construction on time. Based on the facts of this case, we hold that the interest on the construction loan was a damage neither contemplated nor foreseeable at the time Ebcon and SNP entered into the contract.

However, the contract clearly contemplates that SNP would be liable for the portion of liquidated damages assessed to Ebcon that was attributable to SNP's failure to complete its work on time. Paragraph 3 of the contract provides, in relevant part, "any penalties to us due to the impromptness of the completion of your work will be deducted from your final payment." Paragraph 10 provides, in relevant part:

> If the Contractor is assessed liquidated damages by the owner for failure to complete the work on time, and if the delay has been caused by the Sub-Contractor [SNP] herein, the Sub-Contractor agrees to pay the portion of the liquidated damages caused by or attributed to his failure to complete his work on time and in accordance with the working schedule.

While we agree that Ebcon may be entitled to additional damages, Ebcon's argument that SNP is liable for the entire $100,000 late penalty is tenuous at best. The record shows that there were buildings in various stages of construction at the time Las Vegas Paving began working. Although it is reasonable to assume that SNP's breach may have caused some delay, it is unlikely that it is solely responsible for Ebcon's failure to finish construction on time. It is unclear from the record what portion, if any, of the liquidated damage assessed to Ebcon can reasonably be attributed to SNP's breach. Therefore, it is necessary to remand the case to the district court for such a determination. Accordingly, this case is remanded for proceedings consistent with this opinion.