NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW CORDOVA,

                    Plaintiff-Appellant,

          v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

                    Defendant-Appellee.

No.   16-15490

D.C. No.
2:13-cv-01111-KJD-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 20, 2017
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and GWIN,[**] District Judge.

          After being involved in an automobile accident with an underinsured driver,

Andrew Cordova sought to recover from his insurer, American Family Mutual

Insurance Company, under an underinsured motorist (UIM) provision.   After

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

American Family rejected his claim, Cordova filed this action alleging breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and violations of the Nevada Unfair Claims Settlement Practices Act, Nev. Rev. Stat. § 686A.310. The district court dismissed Cordova's claim for breach of fiduciary duty and granted American Family's motion for summary judgment on all other claims except breach of contract. After a jury awarded Cordova $351,550 on the contract claim, the district court reduced the award to $100,000, the limits of the policy's UIM coverage. We affirm in part, reverse in part, and remand with instructions.

1. The district court erred in deducting $226,550 from the jury's damage award.[1] Nevada law follows the Restatement (Second) of Contracts § 347, which provides that the prevailing party in a contract action can recover expectancy damages. *See Rd. & Highway Builders, LLC v. N. Nev. Rebar*, 284 P.3d 377, 382 (Nev. 2012). Under the Restatement, expectancy damages include "any . . . loss, including incidental or consequential loss, caused by the breach." Restatement (Second) of Contracts § 347 (Am. Law Inst. 1981). Consequential damages are those that "may fairly and reasonably be considered as arising naturally" from the breach. *Hornwood v. Smith's Food King No. 1*, 772 P.2d 1284, 1286 (Nev. 1989)

---

[1] The parties agreed to an offset of $25,000, the amount Cordova previously recovered from the tortfeasor and American Family under a medical costs provision of the policy.

(per curiam) (quoting *Conner v. S. Nev. Paving*, 741 P.2d 800, 801 (Nev. 1987)). The jury could reasonably have found that Cordova's lost wages and pain and suffering arose naturally from the denial of his claim. Cordova testified that he would have received the necessary medical treatment "immediately" and returned to work had American Family paid his claim when originally requested.[2]

2. The district court did not err in entering summary judgment for American Family on Cordova's prayer for punitive damages. Punitive damages are not available in contract actions. *See* Nev. Rev. Stat. § 42.005(1); *S.J. Amoroso Constr. Co. v. Lazovich & Lazovich*, 810 P.2d 775, 777–78 (Nev. 1991). Even assuming arguendo that Cordova had a viable bad faith or statutory claim, that alone does not establish entitlement to punitive damages. *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 198 (Nev. 1989) (per curiam). A plaintiff seeking punitive damages must also provide substantial evidence of "oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1); *see Wickliffe v. Fletcher Jones of Las Vegas, Inc.*, 661 P.2d 1295, 1297 (Nev. 1983) (per curiam), *superseded by statute on other*

---

[2] Although the Nevada Supreme Court has not yet addressed the issue, other state courts have found consequential damages awarded for breach of contract can exceed insurance policy limits. *See, e.g.*, *Reichert v. Gen. Ins. Co. of Am.*, 428 P. 2d 860, 864–67 (Cal. 1967) (en banc), *vacated on other grounds on reh'g*, 442 P.2d 377 (Cal. 1968) (en banc); *Rockford Mut. Ins. Co. v. Pirtle*, 911 N.E.2d 60, 67–68 (Ind. Ct. App. 2009); *Ind. Ins. Co. v. Plummer Power Mower & Tool Rental, Inc.*, 590 N.E.2d 1085, 1089–92 (Ind. Ct. App. 1992); *Lawton v. Great Sw. Fire Ins. Co.*, 392 A.2d 576, 611 (N.H. 1978).

*grounds as stated in Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 253–54 & n.39 (Nev. 2008). Cordova did not provide evidence giving rise to a genuine issue of material fact whether American Family "undertook an intentional course of conduct designed to ensure the denial of [his] claim." *See Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604–05 (Nev. 1998), *opinion modified on denial of reh'g*, 979 P.2d 1286 (Nev. 1999).

3. Other than punitive damages, Cordova's bad faith and unfair practices claims sought precisely the same relief as his contract claim. Because we hold today that the original jury award should be reinstated (less agreed-upon offsets), we need not decide whether the district court erred in granting summary judgment on the bad faith and statutory claims.

We therefore **AFFIRM** the district court's order entering summary judgment for American Family on Cordova's prayer for punitive damages and **REVERSE** the district court's judgment on the contract claim, with instructions to enter judgment in favor of Cordova in the amount of $326,550 on his breach of contract claim.