# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., A NATIONAL ASSOCIATION, SUCCESSOR BY MERGE TO CHASE HOME FINANCE LLC, A FOREIGN LIMITED LIABILITY CORPORATION, Appellant, vs. SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 71839 <br><br> **FILED** <br><br> MAR 1 5 2018 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Appellant JPMorgan Chase challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017)

18-10324

(rejecting due process challenge), foreclose those challenges, and we decline to reconsider *Saticoy Bay*.[1]

JPMorgan also argues that because the loan secured by the first deed of trust was insured by the Department of Housing and Urban Development (HUD), the federal government had an interest in the property such that the relevant provisions in NRS Chapter 116 violate the Property Clause of the United States Constitution.[2] We disagree. Even assuming that JPMorgan has standing to assert HUD's rights under the Property Clause, HUD did not have a property interest in the subject property and therefore the homeowners' association foreclosure did not dispose of property belonging to the federal government. *Las Vegas Dev. Grp., LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1052-53 (D. Nev. 2016); *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1179-82 (D. Nev. 2015).

---

[1]We need not address JPMorgan's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank*, 130 Nev., 742, 756, 334 P.3d 408, 418 (2014); *id.* at 762, 334 P.3d at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting).

[2]The Property Clause provides that Congress has the "[p]ower to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const., art. IV, § 3.

JPMorgan further argues that the district court erred in relying on *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev., 742, 758, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust), because *SFR* should be applied prospectively only. We disagree as explained in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

Next, JPMorgan argues that the foreclosure deed conveyed only the homeowners' association's lien interest. Although the language in the deed is not a model of clarity, we are not convinced that it supports a conclusion that the foreclosure sale was not pursuant to NRS 116.31162, 116.31163, and 116.31164 where the evidence in the record demonstrates that the foreclosure sale was conducted pursuant to those provisions. As such, the sale "vest[ed] in the purchaser the title of the unit's owner." NRS 116.31166(3) (1993).

JPMorgan further asserts that there are genuine issues of material fact that preclude summary judgment, namely that the foreclosure sale was commercially unreasonable based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale; instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). We therefore reject JPMorgan's argument that the sale may be set aside based solely on the inadequacy of the purchase price.

As additional evidence of unfairness, JPMorgan points to (1) the mortgage protection provisions in the association's CC&Rs and (2) the lack of bidding at the foreclosure sale. As to the mortgage protection provisions in the CC&Rs, JPMorgan asserts that the provisions likely dissuaded higher bidders by leading them to believe that a successful bidder would take title subject to the deed of trust. Assuming that the mortgage protection provisions in the CC&Rs read as indicated in JPMorgan's opposition to respondent SFR's motion for summary judgment,[3] we are not convinced that those provisions dissuaded higher bidders.[4] In particular, we must presume that any such bidders also were aware of NRS 116.1104. *See Smith v. State*, 38 Nev. 477, 481, 151 P. 512, 513 (1915) ("Every one is presumed to know the law and this presumption is not even rebuttable."). NRS 116.1104 states that the rights provided to a homeowners' association in NRS Chapter 116 cannot be waived or varied by agreement. *See also SFR*, 130 Nev. at 757-58, 334 P.3d at 419 (recognizing that NRS 116.1104 invalidates mortgage protection clauses). In light of that statute, the CC&Rs are not sufficient to create a genuine issue of material fact as to unfairness. As to the number of bids, we are not convinced that this is sufficient to show unfairness where SFR presented evidence that more than one bidder was present at the sale.

---

[3]The excerpts from the CC&Rs included in the record indicate that Article 7 includes sections entitled "Mortgage Protection" and "Priority of Assessment Lien," but the text of those sections is not included in the record.

[4]The evidence offered by JPMorgan is distinguishable from that offered in *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016).

Finally, JPMorgan argues that the district court erred in granting summary judgment in favor of SFR on JPMorgan's unjust enrichment claim, which alleged that SFR benefitted from JPMorgan's payment of taxes and insurance after the foreclosure sale. In particular, JPMorgan argues that the district court erred in relying on the voluntary payment doctrine. The voluntary payment doctrine is an affirmative defense that prevents recovery of amounts voluntarily paid. *Nev. Ass'n Servs. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 954, 338 P.3d 1250, 1253 (2014). JPMorgan argues that this court has applied the voluntary payment doctrine only where the payor seeks to recover the payment from the payee and not from a third party. But it appears that in at least one case, *Cobb v. Osman*, 83 Nev. 415, 421, 433 P.2d 259, 263 (1967), *discussed in Nev. Ass'n Servs.*, 130 Nev. at 958-59, 338 P.3d at 1256, this court considered the doctrine where the payor sought to recover the payment from the person it benefited, not the payee.[5] JPMorgan has not offered any other authority supporting its position that the doctrine should apply only in the payor-payee context, nor has our research revealed any authority on point. *Accord Gilman v. Forgione*, 153 A. 883, 884 (Me. 1931) (applying doctrine where plaintiff, who was the assignee of a third mortgage, brought action to recover money paid to first mortgagee on theory that the payment inured to the benefit of the defendant, who owned the property benefited); *Hertz Corp.*

---

[5]We recognize that *Nevada Ass'n Services* alluded to a policy-based reason that might justify applying the voluntary payment doctrine only in the payor-payee context. 130 Nev. at 958, 338 P.3d at 1256. But because JPMorgan has not intelligibly made any policy-based arguments, we do not consider those issues in the context of this appeal.

*v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 544 (Mo. Ct. App. 2006) (considering doctrine where plaintiff paid defendant's property taxes based on a mistake of fact); *Case Western Reserve Univ. v. Friedman*, 515 N.E.2d 1004, 1005, (Ohio Ct. App. 1986) (same). Accordingly, we decline to adopt JPMorgan's proffered payor-payee-only rule in this case.

JPMorgan alternatively argues that SFR did not meet its burden to present evidence that JPMorgan made the payments voluntarily. However, for purposes of the voluntary payment doctrine, "voluntary" means "without protest as to its correctness or legality," *Nev. Ass'n Servs.*, 130 Nev. at 954, 338 P.3d at 1253, and it is undisputed that JPMorgan did not make the payments under protest.

Finally, JPMorgan argues that SFR failed to demonstrate that JPMorgan knew all of the facts when it made the payments, namely that the deed of trust had been extinguished. However, it is undisputed that JPMorgan was aware of the pertinent facts when it made the post-sale payments and was simply unaware of the legal effect of the sale. It appears to be the generally accepted rule that a mistake of law (as opposed to a mistake of fact) will not preclude application of the voluntary payment doctrine. *See, e.g., Skyland Metro. Dist. v. Mountain W. Enter., LLC*, 184 P.3d 106, 130 (Colo. Ct. App. 2007); *Home Ins. Co. v. Honaker*, 480 A.2d 652, 653 (Del. 1984); *Fitzgerald Water, Light & Bond Comm'n v. Shaw Indus., Inc.*, 606 S.E.2d 10, 12 (Ga. Ct. App. 2004); *Nat'l Fire Ins. Co. of Hartford v. Butler*, 152 N.W.2d 271, 273 (Iowa 1967); *Gilman*, 153 A. at 884; *Case Western Reserve Univ.*, 515 N.E.2d at 1005; *Am. Motorists Ins. Co. v. Shrock*, 447 S.W.2d 809, 811-12 (Mo. Ct. App. 1969); *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 768 (Tex. 2005); *Newton v. Newton*, 118 S.E.2d 656,

659 (Va. 1961); *Thurmon v. Clark*, 507 P.2d 142, 143 (Wyo. 1973). Absent an argument from JPMorgan as to why this court should not follow the general rule, we will follow the general rule in this case. Accordingly, we conclude that the district court properly applied the voluntary payment doctrine in granting summary judgment against JPMorgan on its unjust enrichment counterclaim. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Nancy L. Allf, District Judge
Ballard Spahr LLP
Ballard Spahr LLP/Washington DC
Kim Gilbert Ebron
Eighth District Court Clerk