# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BOUR ENTERPRISES, LLC, A NEVADA LIMITED LIABILITY COMPANY; MULUGETA BOUR, AN INDIVIDUAL; AND HILENA MENGESHA, AN INDIVIDUAL, Appellants, vs. 4520 ARVILLE, A CALIFORNIA GENERAL PARTNERSHIP; AND MCKINLEY MANOR, AN IDAHO GENERAL PARTNERSHIP, Respondents. | No. 82699 FILED<br>SEP 16 2022<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| BOUR ENTERPRISES, LLC, A NEVADA LIMITED LIABILITY COMPANY; MULUGETA BOUR, AN INDIVIDUAL; AND HILENA MENGESHA, AN INDIVIDUAL, Appellants, vs. 4520 ARVILLE, A CALIFORNIA GENERAL PARTNERSHIP; AND MCKINLEY MANOR, AN IDAHO GENERAL PARTNERSHIP, Respondents. | No. 83099 |

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court judgment and a postjudgment award of attorney fees and costs in a commercial lease dispute. Eighth Judicial District Court, Clark County; Veronica Barisich, Judge.[1]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted. While Judge Barisich signed the orders at issue in these appeals, we note that Senior Justice Michael A. Cherry presided over the

SUPREME COURT
OF
NEVADA

(O) 1947A

22-29102

Appellant Bour Enterprises, LLC (Bour) leased commercial warehouse space from respondents 4520 Arville and McKinley Manor (collectively, Landlords) for several years pursuant to two commercial lease agreements. Landlords brought a breach-of-contract action against Bour and its guarantors, appellants Mulugeta Bour and Hilena Mengesha, when Bour vacated the premises and stopped paying rent before the end of the lease term. In response, appellants raised several affirmative defenses and filed counterclaims alleging constructive eviction due to Landlords' breach of the implied warranty of habitability by failing to remedy unsanitary conditions at the warehouses. The district court granted summary judgment for Landlords, entered judgment awarding Landlords damages for Bour's unpaid rent and associated fees, and later entered an order awarding Landlords their reasonable attorney fees and costs.

In Docket No. 82699, appellants challenge the district court's entry of judgment and the summary judgment underlying it. Appellants first argue that the district court erred by granting summary judgment based on its finding that Nevada statutory and common law does not provide for an implied warranty of habitability in a commercial lease setting like this one. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we disagree. Although the Legislature has imposed a warranty of habitability on residential landlords and those that own, build, or vend new homes, *see* NRS 118A.290(1) (regarding residential landlords); *Radaker v. Scott*, 109 Nev. 653, 660-61, 855 P.2d 1037, 1041-42 (1993) (adopting the implied warranty of habitability to protect purchasers of new homes "who are victims of latent

hearing on the motion for summary judgment and orally ruled on that motion from the bench.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

defects in construction"), it has not included a similar warranty among the duties owed by commercial landlords, *see* NRS 118C.200 (listing a commercial landlord's basic obligations). By imposing the duty on residential landlords but omitting it from the list of duties owed by a commercial landlord, "we can imply that the Legislature's exclusion . . . was intentional." *In re Estate of Prestie*, 122 Nev. 807, 814, 138 P.3d 520, 524 (2006) (recognizing "the fundamental rule of statutory construction that '[t]he mention of one thing implies the exclusion of another'" (quoting *State v. Wyatt*, 84 Nev. 731, 734, 448 P.2d 827, 829 (1968))). This is consistent with the majority of other jurisdictions which decline to impose the warranty in commercial settings. *See, e.g., B.W.S. Invs. v. Mid-Am Rests., Inc.*, 459 N.W.2d 759, 763 (N.D. 1990) (citing authorities and explaining that the majority of jurisdictions "do[ ] not extend an implied warranty of habitability or fitness to commercial leases"); 49 Am. Jur. 2d *Landlord and Tenant* § 443 (2022) ("A majority of jurisdictions adhere to the rule that there is no implied warranty of fitness or suitability in leases of real property for commercial purposes.").

And even if this court were to adopt the minority view as appellants suggest, *see Gym-N-I Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 913 (Tex. 2007) (observing that some jurisdictions have applied the warranty in commercial settings), the terms of the parties' lease agreements make the conditions appellants complained of here appellants' responsibility. *See Fed. Nat'l Mortg. Ass'n v. Westland Liberty Vill., LLC*, 138 Nev., Adv. Op. 57, 515 P.3d ___ (2022) (explaining that this court "interpret[s] unambiguous contracts according to the plain language of their written terms"). For example, the parties' leases required appellants to "keep the premises . . . in good order, condition and repair [regardless of]

whether or not the need for such repairs occurs as the result of [Bour's] use, [or] any prior use" of the premises and, by signing the leases, appellants affirmed that they "ha[d] made such investigation as it deems necessary . . . and assume[d] all responsibility" for the condition of the premises. Therefore, we conclude that the district court did not err by granting summary judgment for Landlords.[2] *See Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012) (recognizing that this court will affirm the district court's judgment if the district court reached the right result, albeit for different reasons).

Appellants also contend that the district court erred entering judgment for Landlords because it did not adjudicate appellants' affirmative defenses, including the allegation that Landlords failed to mitigate their damages. But in response to Landlords' summary judgment motion and the evidence accompanying it, appellants neither disputed the evidence, which was authenticated by sworn affidavits, nor questioned the amount of Landlords' damages as set forth in its statement of undisputed facts and supporting exhibits. *See Wood*, 121 Nev. at 731, 121 P.3d at 1030-31 (explaining that a party opposing summary judgment must "set forth specific facts demonstrating the existence of a genuine factual issue" supporting the claims); *Conner v. S. Nev. Paving, Inc.*, 103 Nev. 353, 355-56, 741 P.2d 800, 801 (1987) ("[T]he burden of proving failure to mitigate

---

[2]Given our rejection of appellants' claim that the implied warranty of habitability applies to their commercial lease agreements, we need not consider Bour's arguments as to whether the warranty may be waived by the leases' "as-is" clause. And, because appellants' constructive eviction counterclaim was based on its assertion that Landlords breached the implied warranty of habitability, we necessarily reject appellants' argument that it presented material questions of fact to defeat summary judgment on that claim.

damages is on the breaching party."). Instead, appellants' opposition focused on their contention that Bour's breach of the leases was excused because it was constructively evicted due to the unsanitary conditions of the warehouses. Because appellants failed to raise their affirmative defense of mitigation of damages at the summary judgment phase or to contest the amount of damages claimed, the district court correctly found that appellants waived the argument. *Cf. Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 437, 245 P.3d 542, 544 (2010) (declining to consider an appellate argument not raised in opposing summary judgment before the district court). In light of the foregoing, we affirm the district court's judgment in Docket No. 82699. And because appellants' argument for reversing the attorney fees and costs award in Docket No. 83099 is premised solely on the propriety of the judgment challenged in Docket No. 82699, we necessarily affirm that award as well.

It is so ORDERED.[3]

_____, C.J.
Parraguirre

_____, J.
Pickering

_____Sr.J.
Gibbons

cc: Hon. Veronica Barisich, District Judge
Black & Wadhams
Holley Driggs/Las Vegas
Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.