**ROCKWOOD INSURANCE COMPANY, a Pennsylvania corporation, Plaintiff,**

v.

**FEDERATED CAPITAL CORPORATION, a California corporation; Federated Construction Company, a California corporation; Mark Anderson, an individual; Michael Thomas, an individual, Defendants.**

**No. CV–N–87–554 BRT.**

United States District Court,
D. Nevada.

Sept. 2, 1988.

Drake DeLanoy, Beckley, Singleton, De-Lanoy, Jemison & List, Chtd., Las Vegas, Nev., for plaintiff.

Philip B. Eisner, B. George Dezes, Los Angeles, Cal., Richard Wright, Wright, Shinehouse & Stewart, Las Vegas, Nev., for Federated Capital Corp., Federated Const. Co. and Michael Thomas.

Fred Rucker, Mark H. Brooks, Rucker & Clarkson, Los Angeles, Cal., for Mark Anderson, defendant.

Brent Larsen, Rudiak, Oshins, Segal & Larsen, Las Vegas, Nev., for Mark Anderson, counterclaimant.

Gayle Brooks, Beasley & Holden, Reno, Nev., for Rockwood Ins. Co., counter defendant.

## ORDER GRANTING SUMMARY JUDGMENT

BRUCE R. THOMPSON, District Judge.

On or about December 22, 1983, Mark Anderson acquired title to property known as the "Winters Ranch" in Washoe County, Nevada. This property was conveyed to Winters Ranch Ltd., a Nevada Limited Partnership, on June 28, 1985, pursuant to a contract of sale between the parties dated December 1, 1983.

On or about January 14, 1984, Mark Anderson acquired title to property known as the "Alamo Ranch" in Washoe County, Nevada. This property was conveyed to Alamo Ranch Ltd., a Nevada Limited Partnership, on June 28, 1985, pursuant to a contract of sale between the parties dated December 25, 1983.

Mr. Anderson proposed to restore the buildings on the properties with the assistance of a building contractor, Federated Capital, operated by defendant Michael Thomas, and to sell limited partners' interests or shares in the two limited partnerships. A general liability insurance policy was purchased from plaintiff Rockwood Insurance Company (Rockwood) insuring Federated Capital, as contractor, and Mark Anderson, as owner, "for the period 10–1–84 to 4–1–85 for the restoration work at '1. Winters Ranch Hwy 395 South, Reno, Washoe Co. NV., 2. Alamo Ranch, Hwy 395 South, Reno, Washoe Co. NV.'" This policy was renewed for the period 4–1–85 to 4–1–86.

Some thirty-two lawsuits have been filed by plaintiffs who purchased limited partnership shares in the two limited partnerships. The complaint filed by Courtney Chandler in the Superior Court of the State of California, in and for the County of Los Angeles, is stipulated to be fairly representative of all the actions. Among the named defendants are Federated Capital Corporation, Federated Construction Company, Mark Anderson and Michael Thomas. The complaint alleges claims for (1) fraud in the inducement regarding the sale and purchase of the limited partnership shares; (2) negligent misrepresentation; (3) rescission and restitution of the purchase of such shares; (4) breach of fiduciary duties in connection with the purchase of such shares; (5) breach of the limited partnership agreement and the building rehabilitation agreements; (6) breach of the subcon-

tractor agreements; (7) conspiracy to defraud and to breach agreements; (8) securities fraud concerning the sale of the partnership shares; (9) fraudulent concealment in connection with the sale of securities; (10) sale of unqualified securities; (11) court decreed dissolution of the partnerships; (12) intentional infliction of emotional distress; (13) negligent infliction of emotional distress; (14) negligent construction of the restoration projects; (15) grossly negligent construction of the restoration projects; (16) fraudulent representations by the construction contractors. The defense of these actions was tendered to Rockwood Insurance Company by Federated Capital Corporation, Michael Thomas and Mark Anderson. By letter dated April 10, 1987, the tender was conditionally accepted subject to investigation of the character of the complaints vis-a-vis the coverage provisions of the insurance policies. Shortly thereafter, coverage, and the duty to defend the actions, was rejected and Rockwood commenced this action on April 22, 1987 for a declaratory judgment establishing that defendants are not entitled to require Rockwood to defend the referenced lawsuits and that there is no indemnification coverage under the insurance policies.

The policies of insurance provided limited coverage in three specific areas: manufacturers and contractors, owners and contractors protective and completed operations and products. They were issued to indemnify against liability for bodily injury or property damage in the event of an occurrence resulting from building restoration on the Winters Ranch and the Alamo Ranch.

This action is before the Court on cross-motions for summary judgment. The instant motions are subject to the traditional burdens and presumptions. *See Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Adickes v. S. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Poller v. CBS, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982).

### *The complaints of the limited partners do not state claims covered by the policies.*

■ The resolution of this dispute rests primarily upon an understanding of the character of the interests of a limited partner in the limited partnership. Under the Uniform Limited Partnership Act and the law of California and Nevada (Cal.Corp. Code § 15518; N.R.S. § 88.190) "a limited partner's interest in the partnership is personal property." The subject was thoroughly discussed by the Supreme Court of California in *Evans v. Galardi*, 16 Cal.3d 300, 128 Cal.Rptr. 25, 546 P.2d 313 (1976), which involved the validity of a levy of execution on property of a limited partnership to satisfy a judgment against a limited partner. After thoroughly reviewing the history and nature of the limited partnership form of organization, the court held:

This unwillingness on the part of the Legislature to grant the limited partner a property interest in the specific assets owned by the partnership, while at the same time providing for such an interest in the general partner, compels the conclusion that the limited partner has no interest in the partnership property by virtue of his status as a limited partner. Thus, such assets are not available to satisfy a judgment against the limited partner in his individual capacity. (Code Civ.Proc., § 688.)

In *Reiter v. Greenberg*, 21 N.Y.2d 388, 288 N.Y.S.2d 57, 235 N.E.2d 118 (1968), the court observed: "An interest in a limited partnership even a partnership that deals solely in real estate—is personalty, not realty. (Partnership Law, Consol. Laws C, 39, s 107). The individuals who contributed to the partnership acquired no title in the real property which was eventually acquired by the partnership."

The lawsuits filed by Chandler and others are quite analogous to the situation in *Browning v. Maurice B. Levien & Co. P.C.*, 44 N.C.App. 701, 262 S.E.2d 355

(1980). That was an action by limited partners against an architect for negligence in wrongfully certifying the stage of completion to permit progress payments to be made to contractors on a construction project pointing out that the architects had certified that about $900,000 of work had been done that had not been done. The court acknowledged the viability of plaintiffs' claims for negligent damage to their investments in the limited partnership and observed that the architects might reasonably have foreseen that those investing in the enterprise would rely on their certifications.

Although Chandler complains in four or five of his claims for relief that the defendants Anderson, Thomas and Federated Capital caused defective workmanship on the restoration projects so that "the market value of the real property has been substantially destroyed or dismissed, thereby substantially damaging and impairing plaintiff's interest in such real property," it is clear from the foregoing authorities that plaintiff had no proprietary interest in the real estate owned by the limited partnerships and that plaintiff's interest as a limited partner, contributor or shareholder *was intangible personal property.* As indicated by *Browning, supra,* he may have a viable cause of action against defendants for damage to that interest, but the issue before this Court is whether Rockwood had undertaken to indemnify defendants against that kind of liability. Defendants argue that the allegations of the *Chandler* complaint, alleging damages arising from negligent construction and gross negligence, oblige plaintiff Rockwood to defend them. Defendants' argument ignores the relevant provision of the insurance policies, which limits coverage to tangible property interests as follows:

> 'property damage' means (1) physical injury to or destruction of *tangible* property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of *tangible property* which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

(emphasis added). The damage which the plaintiff in the *Chandler* complaint relies upon is damage to an intangible property interest, not covered by the subject policies of insurance. Negligent or intentional infliction of emotional distress is also not included, because plaintiff's claim arises only by way of damage to intangible property or by way of fraud.

The insurance coverage also applies only to bodily injury or property damage "caused by an occurrence" and an "occurrence" is defined as "an accident, including continued and repeated exposure to conditions which results in bodily injury or property damage neither expected or intended from the standpoint of the insured."

The *Chandler* complaint states the origin of plaintiff's injury: "19. On or about October 8, 1985, but not limited to that date, plaintiff subscribed to units of the limited partnerships, returning said subscriptions to appropriate entities/individuals together with sums of valid considerations." This transaction is at the core of every one of the claims for relief. Each describes conduct associated with the sale and purchase of the limited partnership shares as the cause of damage. This was not an "occurrence" within the policy definitions.

Rockwood makes other tenable arguments to avoid coverage. It is pointed out that the only named insureds are "Federated Capital as Contractor and Mark Anderson as owner." The Winters Ranch and Alamo Ranch were not owned by Mark Anderson at the time of the alleged "occurrences." They had been conveyed to limited partnerships. Federal Capital never acted as the contractor. A new corporation was organized by Michael Thomas, namely, Federated Construction Company. There was no assignment of the policies to it with the consent of Rockwood. These are all breaches of specific policy provisions. If the lawsuits tendered to Rockwood alleged claims for relief arguably within the intended coverage of the policies, this Court would be inclined to search for reasons to avoid such seemingly technical deficiencies, but there is no reason to do so in this case.

■ Defendant Michael Thomas erroneously argues that he is entitled to coverage by virtue of his status as an officer of defendant Federated Capital Corporation. The provision upon which he relies to support this contention (Part C) requires a *designation* (as a corporation). Defendant provides no evidence of designation. In fact, Rockwood establishes that a designation would reflect a change in premium. The premiums reflect no such designation.

■ Defendant Federated Construction Company asserts rights under the policies because it claims to be defendant Federated Capital Corporation under a different name. A statement by defendant Michael Thomas refutes this contention. By affidavit, defendant Thomas states:

> 'In or about February 1985,' I decided to change the name of my company from FEDERATED CAPITAL CORPORATION to FEDERATED CONSTRUCTION COMPANY, in order that the corporate name would better reflect the true nature of my business. I felt FEDERATED CONSTRUCTION COMPANY was a more suitable name for a general contractor. *I therefore set up a new corporation* named FEDERATED CONSTRUCTION COMPANY and at that time I became the president and sole shareholder of that company as well. Thereafter, FEDERATED CONSTRUCTION COMPANY became the general contractor on the Alamo Ranch and Winters Ranch properties.

(Emphasis added). In spite of federated Construction Company's contention, Michael Thomas admits that Federated Construction Company is a *new* company. As such, it had to comply with the assignment provisions, which were not fulfilled. Thus, the only possible insureds remain defendants Federated Capital and Mark Anderson.

■ The insurance policies also state unequivocally: "This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured."

Chandler's alleged injuries arose out of the conduct of the Winters Ranch Ltd. and Alamo Ranch Ltd., limited partnerships. They were not designated as named insureds.

Defendant Mark Anderson filed an answer but filed no opposition to Rockwood's motion for summary judgment. Under Local Rule 16 this constitutes his consent to the granting of the motion. Anderson has recently filed a statement that he has withdrawn the tender of the defense of the actions to Rockwood. This procedural hijinks deserves attention and comment from no one.

■ Defendants also contend that Rockwood has a duty to defend the Chandler action under the terms of the policies and that the issue of indemnification is not ripe for adjudication until the actions have been tried. The authorities unquestionably support the proposition that the duty to defend is much broader than the duty to indemnify. The insurer must defend any lawsuit brought against its insured which potentially seeks damages within the coverage of the policy. This means only that if facts are alleged which if proved would give rise to the duty to indemnify, the insurer must defend. It is immaterial whether the claim asserted is false, fraudulent or unprovable. The potentiality of covered liability is the test. *Continental Casualty Co. v. City of Richmond,* 763 F.2d 1076 (9th Cir.1985). This same decision, however, makes it clear that if the insurance policy properly construed precludes a duty to indemnify there is no duty to defend. This is such a case.

Accordingly,

IT HEREBY IS ORDERED that summary judgment is granted in favor of Rockwood and defendants' cross-motion for summary judgment is denied.