70 F.3d 524
 64 USLW 2352, 95 Cal. Daily Op. Serv. 8759,
95 Daily Journal D.A.R. 15,190
 The PACIFIC GROUP, et al., Plaintiff-Appellee,
v.
FIRST STATE INSURANCE COMPANY, Defendant-Appellant.
The PACIFIC GROUP, Plaintiff,
and
U.S. Hotel Properties Corp.; U.S. Hotel Properties Hotel
and Resort Management Company; Wallace Smith;
Horst Osterkamp, Plaintiffs-Appellants,
v.
FIRST STATE INSURANCE COMPANY, Defendant-Appellee.
 Nos. 93-17049, 93-17102.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 8, 1995.
Memorandum July 28, 1995.
Order and Opinion Nov. 16, 1995.
 
 Mitchell C. Tilner, Horvitz & Levy, Encino, California, for defendant-appellant-cross-appellee First State Insurance Company.
 William J. Keegan, The Keegan Law Firm, San Jose, California, for plaintiff-appellee The Pacific Group.
 Thomas Peterson, Brobeck, Phleger & Harrison, San Francisco, California; and Brian Strange, Strange & Hoey, Los Angeles, California, for plaintiffs-appellees-cross-appellants U.S. Hotel Properties Corporation, U.S. Properties Hotel and Resort Management Company, Wallace Smith, Horst Osterkamp.
 Appeals from the United States District Court for the Northern District of California.
 Before POOLE and KLEINFELD, Circuit Judges, and GONZALEZ, District Judge.*
 ORDER
 The memorandum decision filed on July 28, 1995, 62 F.3d 1425, is redesignated as an authored opinion by Judge Kleinfeld with minor modifications.
 OPINION
 KLEINFELD, Circuit Judge:
 
 
 1
 The question in this case is whether an insurer's advertising injury coverage applied to a third party claim against its policyholder. As a matter of law, it did not.[1]
 
 
 2
 Facts.
 
 
 3
 Pacific Group's principals organized the firm to buy a hotel in Hawaii from Kona Hawaiian Associates for $15 million. Pacific Group contacted U.S. Hotel Properties to assist in arranging financing and possibly managing the hotel. The deal fell through. Pacific Group did not get the hotel. Eventually the hotel failed and was sold at a foreclosure auction to another firm.
 
 
 4
 Kona Hawaiian, the failed owner, sued Pacific Group and U.S. Hotel for breach of their contract to buy the hotel. Pacific Group cross-claimed against U.S. Hotel. Only Pacific Group's cross-claim, not Kona Hawaiian's claim, is the basis for the insurance coverage dispute in the case at bar.
 
 
 5
 Pacific Group alleged that U.S. Hotel breached its contract to provide financing and proceed with the purchase. Pacific Group alleged bad faith breach of contract, breach of fiduciary duty, fraud, and "unfair and deceptive acts or practices in the conduct of a trade or commerce" under Hawaii Revised Statutes Sec. 490. The theory of these claims was that U.S. Hotel intentionally sabotaged the deal so that Pacific Group would be too late to obtain alternative financing and would get squeezed out, Kona Hawaiian would fail, and U.S. Hotel would be able to pick the property up cheap at a foreclosure sale.
 
 
 6
 U.S. Hotel distributed a brochure that named fourteen "corporate staff" with titles such as "Executive Vice President," "Western Regional Director--Hotel Operations," and "Divisional Director--Marketing and Sales." Apparently there was no corporate staff, just one principal and a secretary. But Pacific Group's cross-claim against U.S. Hotel did not mention the brochure, and made no claims based upon the misrepresentation in the brochure.
 
 
 7
 Pacific Group later mentioned in a response to a motion relating to the Hawaii statutory claim that the sheet misstated facts about U.S. Hotel, and that they relied on this misrepresentation to their detriment. Pacific Group did not plead a claim based on misrepresentation in the brochure in its cross-claim. Nevertheless we assume without deciding that the insurance company could have ascertained that Pacific Group might be able to prove that U.S. Hotel misrepresented its staff and by implication its capabilities, and that under Gray v. Zurich Ins. Co., 65 Cal.2d 263, 54 Cal.Rptr. 104, 112, 419 P.2d 168, 176 (1966), a duty to defend might have arisen if such a claim would potentially be within the policy coverage. See also St. Paul Fire & Marine Ins. Co. v. Weiner, 606 F.2d 864, 869 (9th Cir.1979); Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 475, 861 P.2d 1153, 1161 (1993).
 
 
 8
 U.S. Hotel tendered defense of the cross-claim to its insurers. U.S. Hotel carried multiple layers of coverage during the years at issue. First State, the appellant, had provided an excess policy, subject to the terms of the primary coverages. Some of the insurers accepted the tender, some did not. Pacific Employers Insurance Co., which provided the primary layer of coverage to be exhausted before First State's excess coverage applied, refused to defend on the ground that the claim was not covered by its policy. U.S. Hotel then tendered to First State, which refused because its obligation was conditioned on exhaustion of Pacific Employers, and did not in any event concede coverage.
 
 
 9
 First State tried to persuade Pacific Employers to provide coverage. Its lawyer wrote to Pacific Employers that "the duty to defend is very broad and it is clear claimant's complaint and pretrial statement have set forth a cognizable claim for unfair competition." An internal memorandum by a First State vice president said "It appears that plaintiffs' unfair competition allegation would be covered by underlying 'advertising injury' coverage." But after the California Supreme Court issued its opinion in Bank of the West v. Superior Court, 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992), First State took the position that there was no coverage.
 
 
 10
 Just before trial on the cross-claim, U.S. Hotel and Pacific Group settled. U.S. Hotel admitted liability on the tort causes of action and the Hawaii statutory claim, and left the amount of damages to be determined at trial. U.S. Hotel agreed to give Pacific Group a promissory note for the amount of the judgment, and an assignment of its rights against its insurers. Pacific Group gave U.S. Hotel a covenant not to execute on the judgment against U.S. Hotel, to limit collection of the promissory note to one of the U.S. Hotel defendants, and to attempt to satisfy the judgment by suing the insurers. U.S. Hotel would obtain a percentage of any recovery Pacific Group obtained from the insurers.
 
 
 11
 The state court damages trial on Pacific Group's cross-claim against U.S. Hotel resulted in a judgment of $7.8 million. Some of the other insurers bought releases for varying amounts. Then Pacific Group and U.S. Hotel sued First State for breach of its insurance contract, breach of the duty of good faith and fair dealing, etc. This lawsuit by Pacific Group and U.S. Hotel against First State, not Pacific Group's cross-claim against U.S. Hotel, is the case at bar.
 
 
 12
 The district court granted partial summary judgment in favor of Pacific Group on duty to defend. It held that an excess carrier must step in where a primary carrier wrongly refuses to defend, and that the Hawaii statutory claim for unfair competition was potentially within the advertising injury coverage. Therefore, it held, First State had a duty to defend and breached it. The bad faith and punitive damages claims were left for trial. The jury found in favor of Pacific Group on these claims. The court assessed compensatory damages of $8.3 million, but vacated the jury's $21 million punitive damages award.
 
 
 13
 Analysis.
 
 
 14
 The district judge held that as a matter of law, First State had a duty to defend. We review that determination de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We conclude that, as a matter of law, First State had no duty to defend because its policy did not potentially or actually cover the claim. We therefore reverse the judgment without reaching the issues raised in the briefs regarding punitive damages, drop down coverage, and satisfaction of other conditions precedent for coverage.
 
 
 15
 The parties all briefed the case on the assumption that California law controls the interpretation of the insurance policy, and expressly stipulated to that at oral argument, so we assume that California law controls. The advertising injury coverage for 1985 and 1986 is identical, so we need not decide which year's policy would control if there were some difference.
 
 
 16
 The First State policy states that its coverage is limited to that of the underlying Pacific Employers Ins. Co. policy. The advertising injury coverage of the Pacific Employers policy does not cover the claims Pacific Group made against U.S. Hotel. Here is the advertising injury coverage language:
 
 
 17
 When used in this policy (including endorsements forming a part hereof):
 
 
 18
 "advertising injury" means libel, slander, defamation, infringement of copyright, title or slogan, piracy, unfair competition, idea misappropriation or invasions of rights of privacy, arising out of the Insured's advertising activities;
 
 
 19
 The coverage argument at issue was that the paper which falsely represented that U.S. Hotel had fourteen highly qualified staff was an advertisement which amounted to "unfair competition," that paper contributed to the loss sustained by Pacific Group, so U.S. Hotel was potentially liable for a claim falling within the advertising injury coverage. This claim cannot withstand the California Supreme Court decision and subsequent Ninth Circuit decisions construing the advertising injury coverage in similar policies.
 
 
 20
 Bank of the West v. Superior Court, 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 553, 833 P.2d 545, 560 (1992) holds that unfair competition is not covered in the abstract by the advertising injury coverage, and it is not sufficient for coverage that there is unfair competition and also advertising which relates to the unfair competition. Even if all those things are so, Bank of the West holds that "advertising injury must have a causal connection with the insured's 'advertising activities' before there can be coverage." Id. 10 Cal.Rptr.2d at 553, 833 P.2d at 560.
 
 
 21
 We need not determine whether the false paper amounted to "unfair competition." That is doubtful under Bank of the West, id. 10 Cal.Rptr.2d at 544, 833 P.2d at 551, because U.S. Hotel did not pass off its goods as another's. See also Standard Fire Ins. Co. v. Peoples Church of Fresno, 985 F.2d 446, 448-50 (9th Cir.1993). We do not determine whether the paper could amount to "unfair competition," because there would be no coverage even if it did.
 
 
 22
 "To compel an insurer to defend under an advertising injury provision, the insured must demonstrate a causal connection between the plaintiff's claim in the underlying action and the defendant-insured's advertising." Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 229 (9th Cir.1994). The claim must be that the wrong which gave rise to the damages was in the course of advertising, not "in a manner independent" of the advertising, for there to be advertising injury coverage. Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1505-06 (9th Cir.1994). Doing a wrong, and also advertising, does not generate coverage. "The injury for which coverage is sought must be caused by the advertising itself." Microtec Research, Inc. v. Nationwide Mut. Ins. Co., 40 F.3d 968, 971 (9th Cir.1994). A seller of a product or service which advertises, does not thereby obtain liability insurance coverage for products liability or unworkmanlike provision of services. Bank of the West, 10 Cal.Rptr.2d at 553, 833 P.2d at 560.
 
 
 23
 Here are the allegations which Pacific Group made in its cross-claim against U.S. Hotel:
 
 
 24
 15. In the latter part of 1985, U.S. Hotel represented to the Pacific Group that it had sufficient financial resources to provide or arrange for financing the purchase of the Kona Lagoon Hotel on the terms of the March 1985 agreement. U.S. Hotel further offered to become the Pacific Group's financial partner in the purchase of the Kona Lagoon Hotel in exchange for an interest in the equity of the venture. The Pacific Group accepted U.S. Hotel's offer of partnership and continued its negotiations with Kona Hawaiian Associates with the understanding that U.S. Hotel would provide the financing necessary for the hotel's acquisition.
 
 
 25
 16. Based on U.S. Hotel's representations that it would provide the necessary financing, and based on its understanding that U.S. Hotel and the Pacific Group had become partners in the venture, the Pacific Group ceased searching for a financing partner for the purchase of the Kona Lagoon Hotel.
 
 
 26
 17. In November and December of 1985, the Pacific Group renegotiated the purchase of the Kona Lagoon Hotel. Pursuant to the renegotiated terms, Pacific Group and its financial partner, U.S. Hotel, would be required to provide less financing than originally envisioned by the March 1985 agreement. Nonetheless, in January of 1986 and thereafter, despite the fact that the Pacific Group had performed all of the covenants and promises which its partnership agreement with U.S. Hotel called for it to perform, U.S. Hotel breached and repudiated its contract with Pacific Group by refusing to go forward with the purchase of the Kona Lagoon Hotel and refusing to provide the financing and/or financial assistance which it had promised to provide.
 
 
 27
 ....
 
 
 28
 26. U.S. Hotel intended to string the Pacific Group and Kona Hawaiian Associates along long enough so that alternative means of financing were no longer possible and so that the price of Kona Lagoon Hotel would have to be decreased and U.S. Hotel would have the option to purchase the hotel at a price far below its fair market value.
 
 
 29
 ....
 
 
 30
 34. Wallace Smith, Horst Osterkamp, U.S. Hotel Properties Corporation, U.S. Hotel Properties Hotel and Resort Management Corporation, and Getty Financial Corporation are "merchants" as that term is defined in Section 490 of the Hawaii Revised Statutes.
 
 
 31
 35. The acts and practices of U.S. Hotel as hereinabove alleged constitute unfair and deceptive acts or practices in the conduct of a trade or commerce.
 
 
 32
 36. The Pacific Group has been damaged by U.S. Hotel's unfair and deceptive acts and practices in that Pacific Group has lost the opportunity to obtain alternative financing, has suffered damage to its business reputation, has lost more than $900,000 in deposits, franchise fees and other out-of-pocket expenses and has lost more than $2 million in profits it reasonably expected to enjoy from the purchase and operation of the Kona Lagoon Hotel. The Pacific Group is therefore entitled to treble damages under Section 480-13 of the Hawaii Revised Statutes.
 
 
 33
 This cross-claim never mentions the paper which falsely states that U.S. Hotel had a bigger staff than it really did. The claim is that U.S. Hotel fraudulently broke its promise and breached its fiduciary obligations to its partner, in order to squeeze Pacific Group out of the hotel deal and buy the hotel for itself at a low price. The damages are alleged to have been caused by the squeeze-out, not by the advertising.
 
 
 34
 Obviously most of the categories of advertising injury have nothing to do with this claim. Pacific Group did not allege that it was injured by "libel, slander, defamation, infringement of copyright, title or slogan, piracy, ... idea misappropriation or invasions of rights of privacy."
 
 
 35
 Assuming without deciding that "unfair competition" was alleged, Pacific Group did not allege that the false advertising that U.S. Hotel had a staff of fourteen caused its injury. The case is like Everest and Jennings where dismissal was proper because the complaint "does not even mention ... advertising." Everest and Jennings, 23 F.3d at 229.
 
 
 36
 Pacific Group argues that First State waived any right to assert noncoverage, because its internal memoranda and the opinions of certain of its agents were that the advertising injury coverage applied. The internal communications and opinions cannot generate any kind of waiver or estoppel because they were not an intentional relinquishment of the right to contest coverage, nor were they communicated, and being uncommunicated to the policyholder, they could not have been relied upon by the policyholder to its detriment. See Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1560-61 (9th Cir.1991).
 
 
 37
 U.S. Hotel argues that even if there was no duty to defend, the jury verdict for breach of the covenant of good faith and fair dealing should be upheld because the insurer breached its duty to investigate. Because the policy unambiguously excluded coverage, the insurer had no duty to investigate. See Hydro Systems, Inc. v. Continental Ins. Co., 929 F.2d 472, 477 (9th Cir.1991).
 
 
 38
 The district court's partial summary judgment in favor of U.S. Hotel and the Pacific Group on the issue of the duty to defend is reversed. The case is remanded to the district court for entry of judgment in favor of First State Insurance.
 
 
 39
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 We initially filed this decision as a memorandum disposition, because it decides no novel questions and turns on state law. Appellant subsequently requested pursuant to Circuit Rule 36-4 that we publish, however, pointing out that the district court had published its decision on post-trial motions, Pacific Group v. First State Ins. Co., 841 F.Supp. 922 (N.D.Cal.1993). We grant the request for publication, because our Circuit Rule 36-3, prohibiting citation or use as precedent of our unpublished disposition, might cause hardship and confusion in light of the published district court decision