**134 Nev., Advance Opinion 100**
IN THE SUPREME COURT OF THE STATE OF NEVADA

CENTURY SURETY COMPANY,
Appellant,
vs.
DANA ANDREW, AS LEGAL
GUARDIAN ON BEHALF OF RYAN T.
PRETNER; AND RYAN T. PRETNER,
Respondents.

No. 73756



FILED

DEC 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Certified question pursuant to NRAP 5 concerning insurer's liability for breach of its duty to defend. United States District Court for the District of Nevada; Andrew P. Gordon, Judge.

*Question answered.*

Gass Weber Mullins, LLC, and James Ric Gass and Michael S. Yellin, Milwaukee, Wisconsin; Christian, Kravitz, Dichter, Johnson & Sluga and Martin J. Kravitz, Las Vegas; Cozen O'Connor and Maria L. Cousineau, Los Angeles, California,
for Appellant.

Eglet Prince and Dennis M. Prince, Las Vegas,
for Respondents.

Lewis Roca Rothgerber Christie LLP and J. Christopher Jorgensen and Daniel F. Polsenberg, Las Vegas,
for Amicus Curiae Federation of Defense & Corporate Counsel.

Lewis Roca Rothgerber Christie LLP and Joel D. Henriod and Daniel F. Polsenberg, Las Vegas; Crowell & Moring LLP and Laura Anne Foggan, Washington, D.C.,
for Amici Curiae Complex Insurance Claims Litigation Association, American Insurance Association, and Property Casualty Insurers Association of America.

18-908481

Matthew L. Sharp, Ltd., and Matthew L. Sharp, Reno,
for Amicus Curiae Nevada Justice Association.

---

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, DOUGLAS, C.J.:

An insurance policy generally contains an insurer's contractual duty to defend its insured in any lawsuits that involve claims covered under the umbrella of the insurance policy. In response to a certified question submitted by the United States District Court for the District of Nevada, we consider "[w]hether, under Nevada law, the liability of an insurer that has breached its duty to defend, but has not acted in bad faith, is capped at the policy limit plus any costs incurred by the insured in mounting a defense, or [whether] the insurer [is] liable for all losses consequential to the insurer's breach." We conclude that an insurer's liability where it breaches its contractual duty to defend is not capped at the policy limits plus the insured's defense costs, and instead, an insurer may be liable for any consequential damages caused by its breach. We further conclude that good-faith determinations are irrelevant for determining damages upon a breach of this duty.

---

[1]The Honorable Ron D. Parraguirre, Justice, is disqualified from participation in the decision of this matter.

## FACTS AND PROCEDURAL HISTORY

Respondents Ryan T. Pretner and Dana Andrew (as legal guardian of Pretner) initiated a personal injury action in state court after a truck owned and driven by Michael Vasquez struck Pretner, causing significant brain injuries. Vasquez used the truck for personal use, as well as for his mobile auto detailing business, Blue Streak Auto Detailing, LLC (Blue Streak). At the time of the accident, Vasquez was covered under a personal auto liability insurance policy issued by Progressive Casualty Insurance Company (Progressive), and Blue Streak was insured under a commercial liability policy issued by appellant Century Surety Company. The Progressive policy had a $100,000 policy limit, whereas appellant's policy had a policy limit of $1 million.

Upon receiving the accident report, appellant conducted an investigation and concluded that Vasquez was not driving in the course and scope of his employment with Blue Streak at the time of the accident, and that the accident was not covered under its insurance policy. Appellant rejected respondents' demand to settle the claim within the policy limit. Subsequently, respondents sued Vasquez and Blue Streak in state district court, alleging that Vasquez was driving in the course and scope of his employment with Blue Streak at the time of the accident. Respondents notified appellant of the suit, but appellant refused to defend Blue Streak. Vasquez and Blue Streak defaulted in the state court action and the notice of the default was forwarded to appellant. Appellant maintained that the claim was not covered under its insurance policy.

Respondents, Vasquez, and Blue Streak entered into a settlement agreement whereby respondents agreed not to execute on any judgment against Vasquez and Blue Streak, and Blue Streak assigned its

rights against appellant to respondents. In addition, Progressive agreed to tender Vasquez's $100,000 policy limit. Respondents then filed an unchallenged application for entry of default judgment in state district court. Following a hearing, the district court entered a default judgment against Vasquez and Blue Streak for $18,050,183. The default judgment's factual findings, deemed admitted by default, stated that "Vasquez negligently injured Pretner, that Vasquez was working in the course and scope of his employment with Blue Streak at the time, and that consequently Blue Streak was also liable." As an assignee of Blue Streak, respondents filed suit in state district court against appellant for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims practices, and appellant removed the case to the federal district court.

The federal court found that appellant did not act in bad faith, but it did breach its duty to defend Blue Streak. Initially, the federal court concluded that appellant's liability for a breach of the duty to defend was capped at the policy limit plus any cost incurred by Blue Streak in mounting a defense because appellant did not act in bad faith. The federal court stated that it was undisputed that Blue Streak did not incur any defense cost because it defaulted in the underlying negligence suit. However, after respondents filed a motion for reconsideration, the federal court concluded that Blue Streak was entitled to recover consequential damages that exceeded the policy limit for appellant's breach of the duty to defend, and that the default judgment was a reasonably foreseeable result of the breach of the duty to defend. Additionally, the federal court concluded that bad faith was not required to impose liability on the insurer in excess of the policy limit. Nevertheless, the federal court entered an order staying the

proceedings until resolution of the aforementioned certified question by this court.

## DISCUSSION

Appellant argues that the liability of an insurer that breaches its contractual duty to defend, but has not acted in bad faith, is generally capped at the policy limits and any cost incurred in mounting a defense.[2] Conversely, respondents argue that an insurer that breaches its duty to defend should be liable for all consequential damages, which may include a judgment against the insured that is in excess of the policy limits.[3]

In Nevada, insurance policies are treated like other contracts, and thus, legal principles applicable to contracts generally are applicable to insurance policies. *See Century Sur. Co. v. Casino W., Inc.*, 130 Nev. 395, 398, 329 P.3d 614, 616 (2014); *United Nat'l Ins. Co. v. Frontier Ins. Co., Inc.*, 120 Nev. 678, 684, 99 P.3d 1153, 1156-57 (2004); *Farmers Ins. Exch. v. Neal*, 119 Nev. 62, 64, 64 P.3d 472, 473 (2003). The general rule in a breach of contract case is that the injured party may be awarded expectancy damages, which are determined by the method set forth in the Restatement (Second) of Contracts § 347 (Am. Law Inst. 1981). *Rd. & Highway Builders, LLC v. N. Nev. Rebar, Inc.*, 128 Nev. 384, 392, 284 P.3d 377, 382 (2012). The

---

[2]The Federation of Defense & Corporate Counsel, Complex Insurance Claims Litigation Association, American Insurance Association, and Property Casualty Insurers Association of America were allowed to file amicus briefs in support of appellant.

[3]The Nevada Justice Association was allowed to file an amicus brief in support of respondents.

 

Restatement (Second) of Contracts § 347 provides, in pertinent part, as follows:

> [T]he injured party has a right to damages based on his expectation interest as measured by
>
> (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus
>
> (b) *any other loss, including incidental or consequential loss, caused by the breach*, less
>
> (c) any cost or other loss that he has avoided by not having to perform.

(Emphasis added.)

An insurance policy creates two contractual duties between the insurer and the insured: the duty to indemnify and the duty to defend. *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 309, 212 P.3d 318, 324 (2009). "The duty to indemnify arises when an insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy." *United Nat'l*, 120 Nev. at 686, 99 P.3d at 1157 (internal quotation marks omitted). On the other hand, "[a]n insurer . . . bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Id.* at 687, 99 P.3d at 1158 (alteration in original) (internal quotation marks omitted).

Courts have uniformly held the duty to defend to be "separate from," 1 Barry R. Ostrager & Thomas R. Newman, *Handbook on Insurance Coverage Disputes* §5.02[a], at 327 (17th ed. 2015) (internal quotation marks omitted), and "broader than the duty to indemnify," *Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002). The duty to indemnify provides those insured financial protection against judgments, while the duty to defend protects those insured from the action

SUPREME COURT
OF
NEVADA

(O) 1947A

6

itself. "The duty to defend is a valuable service paid for by the insured and one of the principal benefits of the liability insurance policy." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459-60 (Wash. 2007). The insured pays a premium for the expectation that the insurer will abide by its duty to defend when such a duty arises. In Nevada, that duty arises "if facts [in a lawsuit] are alleged which if proved would give rise to the duty to indemnify," which then "the insurer *must* defend." *Rockwood Ins. Co. v. Federated Capital Corp.*, 694 F. Supp. 772, 776 (D. Nev. 1988) (emphasis added); *see also United Nat'l*, 120 Nev. at 687, 99 P.3d at 1158 ("Determining whether an insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy.").[4]

_____

[4]Appellant correctly notes that we have previously held that this duty is not absolute. In the case appellant cites, *United National*, we held that "[t]here is no duty to defend [w]here there is no *potential* for coverage." 120 Nev. at 686, 99 P.3d at 1158 (second alteration in original) (internal quotation marks omitted). We take this opportunity to clarify that where there is potential for coverage based on "comparing the allegations of the complaint with the terms of the policy," an insurer does have a duty to defend. *Id.* at 687, 99 P.3d at 1158. In this instance, as a general rule, facts outside of the complaint cannot justify an insurer's refusal to defend its insured. Restatement of Liability Insurance § 13 cmt. c (Am. Law Inst., Proposed Final Draft No. 2, 2018) ("The general rule is that insurers may not use facts outside the complaint as the basis for refusing to defend. . . ."). Nonetheless, the insurer can always agree to defend the insured with the limiting condition that it does not waive any right to later deny coverage based on the terms of the insurance policy under a reservation of rights. *See Woo*, 164 P.3d at 460 ("Although the insurer must bear the expense of defending the insured, by doing so under a reservation of rights . . . the insurer avoids breaching its duty to defend and incurring the potentially greater expense of defending itself from a claim of breach."). Accordingly, facts outside the complaint may be used in an action brought by the insurer seeking to terminate its duty to defend its insured in an action whereby the insurer is defending under a reservation of rights. Restatement of Liability

SUPREME COURT
OF
NEVADA

(O) 1947A

7

In a case where the duty to defend does in fact arise, and the insurer breaches that duty, the insurer is at least liable for the insured's reasonable costs in mounting a defense in the underlying action. *See Reyburn Lawn & Landscape Designers, Inc. v. Plaster Dev. Co., Inc.*, 127 Nev. 331, 345, 255 P.3d 268, 278 (2011) (providing that a breach of the duty to defend "may give rise to damages in the form of reimbursement of the defense costs the indemnitee was thereby forced to incur in defending against claims encompassed by the indemnity provision" (internal quotation marks omitted)). Several other states have considered an insurer's liability for a breach of its duty to defend, and while no court would disagree that the insurer is liable for the insured's defense cost, courts have taken two different views when considering whether the insurer may be liable for an entire judgment that exceeds the policy limits in the underlying action.

The majority view is that "[w]here there is no opportunity to compromise the claim and the only wrongful act of the insurer is the refusal to defend, the liability of the insurer is ordinarily limited to the amount of the policy plus attorneys' fees and costs." *Comunale v. Traders & Gen. Ins. Co.*, 328 P.2d 198, 201 (Cal. 1958); *see also Emp'rs Nat'l Ins. Corp. v. Zurich Am. Ins. Co. of Ill.*, 792 F.2d 517, 520 (5th Cir. 1986) (providing that imposing excess liability upon the insurer arose as a result of the insurer's

---

Insurance § 13 cmt. c (Am. Law Inst., Proposed Final Draft No. 2, 2018) ("Only in a declaratory-judgment action filed while the insurer is defending, or in a coverage action that takes place after the insurer fulfilled the duty to defend, may the insurer use facts outside the complaint as the basis for avoiding coverage.").

refusal to entertain a settlement offer within the policy limit and not solely because the insurer refused to defend); *George R. Winchell, Inc. v. Norris*, 633 P.2d 1174, 1177 (Kan. Ct. App. 1981) ("Absent a settlement offer, the plain refusal to defend has no causal connection with the amount of the judgment in excess of the policy limits."). In *Winchell*, the court explained the theory behind the majority view, reasoning that when an insurer refuses a settlement offer, unlike a refusal to defend, "the insurer is causing a discernible injury to the insured" and "the injury to the insured is traceable to the insurer's breach." 633 P.2d at 1777. "A refusal to defend, in itself, can be compensated for by paying the costs incurred in the insured's defense." *Id.* In sum, "[a]n [insurer] is liable to the limits of its policy plus attorney fees, expenses and other damages where it refuses to defend an insured who is in fact covered," and "[t]his is true even though the [insurer] acts in good faith and has reasonable ground[s] to believe there is no coverage under the policy." *Allen v. Bryers*, 512 S.W.3d 17, 38-39 (Mo. 2016) (first and fifth alteration in original) (internal quotation marks omitted), *cert. denied by Atain Specialty Ins. Co. v. Allen*, ___ U.S. ___, 138 S. Ct. 212 (2017).

The minority view is that damages for a breach of the duty to defend are not automatically limited to the amount of the policy; instead, the damages awarded depend on the facts of each case. *See Burgraff v. Menard, Inc.*, 875 N.W.2d 596, 608 (Wis. 2016). The objective is to have the insurer "pay damages necessary to put the insured in the same position he would have been in had the insurance company fulfilled the insurance contract." *Id.* (internal quotation marks omitted). Thus, "[a] party aggrieved by an insurer's breach of its duty to defend is entitled to recover all damages naturally flowing from the breach." *Id.* (internal quotation

marks omitted). Damages that may naturally flow from an insurer's breach include:

> (1) the amount of the judgment or settlement against the insured plus interest [even in excess of the policy limits]; (2) costs and attorney fees incurred by the insured in defending the suit; and (3) any additional costs that the insured can show naturally resulted from the breach.

*Newhouse v. Citizens Sec. Mut. Ins. Co.*, 501 N.W.2d 1, 6 (Wis. 1993).

For instance, in *Delatorre v. Safeway Insurance Co.*, the insurer breached its duty to defend by failing to ensure that retained counsel continued defending the insured after answering the complaint, which ultimately led to a default judgment against the insured exceeding the policy limits. 989 N.E.2d 268, 274 (Ill. App. Ct. 2013). The court found that the entry of default judgment directly flowed from the insurer's breach, and thus, the insurer was liable for the portion that exceeded the policy limit. *Id.* at 276. The court reasoned that a default judgment "could have been averted altogether had [the insurer] seen to it that its insured was actually defended as contractually required." *Id.*

On the other hand, in *Hamlin Inc. v. Hartford Accident & Indemnity Co.*, the court considered whether the insured had as good of a defense as it would have had had the insurer provided counsel. 86 F.3d 93, 95 (7th Cir. 1996). The court observed that although the "insurer did not pay the entire bill for [the insured's] defense," the insured is not "some hapless individual who could not afford a good defense unless his insurer or insurers picked up the full tab." *Id.* Moreover, the court noted that the insured could not have expected to do better with the firm it hired, which "was in fact its own choice, and not a coerced choice, that is, not a choice to

 

which it turned only because the obstinacy of the [insurers] made it unable to 'afford' an even better firm (if there is one)." *Id.* Therefore, because the entire judgment was not consequential to the insurer's breach of its duty to defend, the insured was not entitled to the entire amount of the judgment awarded against it in the underlying lawsuit. *Id.*

We conclude that the minority view is the better approach. Unlike the minority view, the majority view places an artificial limit to the insurer's liability within the policy limits for a breach of its duty to defend. That limit is based on the insurer's duty to indemnify but "[a] duty to defend limited to and coextensive with the duty to indemnify would be essentially meaningless; insureds pay a premium for what is partly litigation insurance designed to protect . . . the insured from the expense of defending suits brought against him." *Capitol Envtl. Servs., Inc. v. N. River Ins. Co.*, 536 F. Supp. 2d 633, 640 (E.D. Va. 2008) (internal quotation marks omitted). Even the *Comunale* court recognized that "[t]here is an important difference between the liability of an insurer who performs its obligations and that of an insurer who breaches its contract." 328 P.2d at 201. Indeed, the insurance policy limits "only the amount the insurer may have to pay in the performance of the contract as compensation to a third person for personal injuries caused by the insured; they do not restrict the damages recoverable by the insured for a breach of contract by the insurer." *Id.*

The obligation of the insurer to defend its insured is purely contractual and a refusal to defend is considered a breach of contract. Consistent with general contract principles, the minority view provides that the insured may be entitled to consequential damages resulting from the insurer's breach of its contractual duty to defend. *See* Restatement

of Liability Insurance § 48 (Am. Law Inst., Proposed Final Draft No. 2, 2018). Consequential damages "should be such as may fairly and reasonably be considered as arising naturally, or were reasonably contemplated by both parties at the time they made the contract." *Hornwood v. Smith's Food King No. 1*, 105 Nev. 188, 190, 772 P.2d 1284, 1286 (1989) (internal quotation marks omitted). The determination of the insurer's liability depends on the unique facts of each case and is one that is left to the jury's determination. *See Khan v. Landmark Am. Ins. Co.*, 757 S.E.2d 151, 155 (Ga. Ct. App. 2014) ("[W]hether the full amount of the judgment was recoverable was a jury question that depended upon what damages were found to flow from the breach of the contractual duty to defend.").[5]

The right to recover consequential damages sustained as a result of an insurer's breach of the duty to defend does not require proof of bad faith. As the Supreme Court of Michigan explained:

> The duty to defend . . . arises solely from the language of the insurance contract. A breach of that duty can be determined objectively, without reference to the good or bad faith of the insurer. If the insurer had an obligation to defend and failed to fulfill that obligation, then, like any other party who fails to perform its contractual obligations, it becomes liable for all foreseeable damages flowing from the breach.

*Stockdale v. Jamison*, 330 N.W.2d 389, 392 (Mich. 1982). In other words, an insurer's breach of its duty to defend can be determined objectively by

---

[5]Consequently, we reject appellant's argument that, as a matter of law, damages in excess of the policy limits can never be recovered as a consequence to an insurer's breach of its duty to defend.

comparing the facts alleged in the complaint with the insurance policy. Thus, even in the absence of bad faith, the insurer may be liable for a judgment that exceeds the policy limits if the judgment is consequential to the insurer's breach. An insurer that refuses to tender a defense for "its insured takes the risk not only that it may eventually be forced to pay the insured's legal expenses but also that it may end up having to pay for a loss that it did not insure against." *Hamlin*, 86 F.3d at 94. Accordingly, the insurer refuses to defend at its own peril. However, we are not saying that an entire judgment is automatically a consequence of an insurer's breach of its duty to defend; rather, the insured is tasked with showing that the breach caused the excess judgment and "is obligated to take all reasonable means to protect himself and mitigate his damages." *Thomas v. W. World Ins. Co.*, 343 So. 2d 1298, 1303 (Fla. Dist. Ct. App. 1977); *see also Conner v. S. Nev. Paving, Inc.*, 103 Nev. 353, 355, 741 P.2d 800, 801 (1987) ("As a general rule, a party cannot recover damages for loss that he could have avoided by reasonable efforts.").

## CONCLUSION

In answering the certified question, we conclude that an insured may recover any damages consequential to the insurer's breach of its duty to defend. As a result, an insurer's liability for the breach of the duty to defend is not capped at the policy limits, even in the absence of bad faith.

_____, C.J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

