NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | No. 17-16265 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00321-JAD-GWF |
| v. | |
| ACCESS MEDICAL, LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | No. 17-16272 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00321-JAD-GWF |
| v. | |
| ACCESS MEDICAL, LLC; ROBERT CLARK WOOD II, | |
| Defendants-Appellants, | |
| and | |
| FLOURNOY MANAGEMENT, LLC, | |
| Defendant. | |

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | No. 17-16273 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|                          | D.C. No.                |
| ------------------------ | ----------------------- |
| Plaintiff-Appellee,      | 2:15-cv-00321-JAD-GWF   |
| v.                       |                         |
| ACCESS MEDICAL, LLC; ROBERT CLARK WOOD II, |       |
| Defendants,              |                         |
| and                      |                         |
| FLOURNOY MANAGEMENT, LLC, |                        |
| Defendant-Appellant.     |                         |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 10, 2019
San Francisco, California

Before: GOULD, IKUTA, and R. NELSON, Circuit Judges.

Nautilus appeals the district court's denial of a motion for further relief under 28 U.S.C. § 2202 following a declaratory judgment that Nautilus owed no duty to defend Access Medical, Flournoy Management, and Robert Clark Wood II (collectively "Insureds") in the underlying cross-complaint brought by Ted Switzer for claims relating to a breach of a partnership agreement. The Insureds cross-appeal, arguing that the district court erred in granting summary judgment in favor of Nautilus and denying its motion for reconsideration on the duty to defend issue.

2

We review a grant of summary judgment de novo and a denial of a motion for reconsideration for abuse of discretion. *Pac. Grp. v. First States Ins. Co.*, 70 F.3d 524, 527 (9th Cir. 1995); *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012). We conclude that the district court properly entered a declaratory judgment in favor of Nautilus because the underlying proceedings did not trigger Nautilus's duty to defend.

Under Nevada law, an insurer bears a duty to defend whenever there is a potential for liability under the policy. *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004). "Once the duty to defend arises, this duty continues throughout the course of the litigation." *Id.* (internal quotation marks omitted). "[A]n insurer's breach of its duty to defend can be determined objectively by comparing the facts alleged in the complaint with the insurance policy." *Century Sur. Co. v. Andrew*, 432 P.3d 180, 186 (Nev. 2018).

In the cross-complaint, Switzer brought claims for interference with prospective economic advantage against Insureds. The policy requires Nautilus to defend Insureds against "any 'suit' seeking damages" because of a "personal and advertising injury . . . arising out of . . . [o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." Because the allegations in the underlying action stem from an injury that occurred in California, California

3

law governs the rights and liabilities of the parties as it pertains to Nautilus's duty to defend. *Gen. Motors Corp. v. Eighth Judicial Dist. Court of State of Nev. ex rel. Cty. of Clark*, 134 P.3d 111, 113 (Nev. 2006).

In California, to plead a claim of intentional interference with prospective business advantage, the plaintiff must show that the defendant "engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 902 P.2d 740, 751 (Cal. 1995). Insureds agree Switzer's cross-complaint for intentional interference with prospective economic advantage did not specify wrongful acts that are legally independent from the interference. Nevertheless, Insureds argue that an email from a representative of Flournoy and Access Medical to a third-party hospital, stating that a "Distributor in the California area is now banned from selling" products, created additional evidence that there was a defamation, libel, or business disparagement claim in the cross-complaint. Even if this email could be understood to reference Switzer, it does not contain a false statement that explicitly disparaged him, *see Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 291 (2014); *Blatty v. New York Times Co.*, 728 P.2d 1177, 1182 (Cal. 1986) (in bank), and therefore it did not trigger a duty to defend, *see United Nat'l Ins. Co.*, 99 P.3d at 1158.

4

There remains a dispute over whether Nautilus is entitled to reimbursement of defense costs where it explicitly reserved the right to seek reimbursement while defending Insureds in the underlying action. The district court denied Nautilus's request for reimbursement for three reasons: (1) Nautilus did not include a claim for reimbursement or damages in its complaint; (2) § 2202 itself does not allow for an award of damages; and (3) Nevada law did not permit Nautilus to recover defense costs under a unilateral reservation of rights.

As to the first two reasons, § 2202's language is broad and does not seem to impose any stringent pleading requirements. Moreover, by its plain language, § 2202 allows the district court to grant "[f]urther necessary or proper relief based on a declaratory judgment . . . after reasonable notice and hearing." We reserve judgment, however, on the proper scope of relief available in this case under § 2202. That is because whether further relief can be granted ultimately depends on whether Nautilus is entitled to reimbursement under Nevada law. Because our review of the district court's legal determination rests entirely on an unaddressed question of Nevada state law, we have certified the question whether Nautilus is entitled to reimbursement under Nevada law in a separate order filed concurrently with this memorandum.

We stay further proceedings in this appeal regarding the availability of further relief under § 2202 pending resolution of our certified question to the

5

Nevada Supreme Court.  For the reasons stated above, however, the district court's grant of declaratory judgment and denial of Insureds' motion for reconsideration is

**AFFIRMED.**